Tara Lynn WHITCOMB, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2012–SC–000376–DG.

Supreme Court of Kentucky.

Feb. 20, 2014.

Samuel N. Potter, Assistant Public Advocate, Department of Public Advocacy, Counsel for Appellant.

Jack Conway, Attorney General, James Daryl Havey, Assistant Attorney General, Andrea Leigh Mattingly, Assistant Commonwealth's Attorney, Office of the Fayette Commonwealth's Attorney, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

On January 21, 2000, Appellant, Tara Lynn Whitcomb, pled guilty in the Fayette Circuit Court to one count of theft by deception over $300.00. On February 11, 2000, the trial court sentenced Appellant to a one-year term of imprisonment, probated for a period of five years. The trial court agreed to allow Appellant to serve her probation in Harrison County. Appellant, however, failed to report to her Harrison County probation officer. Consequently, on March 20, 2000, the trial court issued a warrant for Appellant's arrest.

The warrant remained active, yet unserved, for nearly eleven years. The record is devoid of information pertaining to whether law enforcement attempted to locate Appellant during this eleven-year period. Nonetheless, on January 14, 2011, Appellant was finally served with the arrest warrant during a traffic stop.

A probation revocation hearing was held on February 10, 2011. The trial court, citing Kentucky Revised Statute ("KRS") 533.020, believed Appellant's period of probation had already expired. Accordingly, the trial court determined that it did not retain jurisdiction to revoke Appellant's probation based on this Court's decision in *Conrad v. Evridge*, 315 S.W.3d 313 (Ky. 2010). As a result, the trial court entered an order dismissing the Commonwealth's motion to revoke Appellant's probation.

On May 25, 2012, the Court of Appeals reversed the trial court's order. In formulating its conclusion, the Court of Appeals relied heavily on dicta found in *Conrad*. Particularly, in *Conrad*, we stated that the doctrine of estoppel may in the future prevent intentional absconders from asserting a jurisdictional argument. 315 S.W.3d at 317. Since the Court of Appeals believed Appellant intentionally absconded, she was barred from claiming that her probationary period had expired. We granted discretionary review.

We first acknowledge that KRS 533.020(1) allows for the trial court to revoke a defendant's probation if he or she "commits an additional offense or violates a condition [of the probation]." Even with this broad revocation power, a trial court may not revoke a defendant's probation if the probationary period has expired. *Conrad*, 315 S.W.3d 313. To illustrate, in *Conrad* the Commonwealth moved to revoke the defendant's probation nine days prior to the expiration of his probationary period. *Id.* at 315. However, the trial court scheduled the revocation hearing approximately one month after the defendant's

probationary period ended. *Id.* This Court held that, once the period of probation had expired, the court no longer retained jurisdiction to hold a revocation hearing or to revoke the defendant's probation. *Id.*

Whether *Conrad* applies to the case before us hinges on whether Appellant was discharged from her probation before the revocation hearing took place. KRS 533.020(4) details the time limitations of one's period of probation, along with the requirements which allow for the probation to be automatically discharged, i.e., the probation is terminated by operation of law. KRS 533.020(4), states the following:

> The period of probation, probation with an alternative sentence, or conditional discharge shall be fixed by the court and at any time may be extended or shortened by duly entered court order. Such period, with extensions thereof, shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony nor two (2) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a misdemeanor. Upon completion of the probationary period, probation with an alternative sentence, or the period of conditional discharge, *the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation, probation with an alternative sentence, or conditional discharge has not been revoked.*

(Emphasis added). In the case before us, the trial court fixed the period of probation at five years. At no point did the trial court enter an order to extend or shorten Appellant's probationary period. Accordingly, had Appellant satisfied the above-emphasized requirements of the statute, she would have been automatically discharged on February 11, 2005. On this date, the trial court would have lost jurisdiction over Appellant, as her probation would have no longer existed.

Thusly, the true issue before this Court is whether the issuance of an arrest warrant tolls the defendant's probationary period so as to prevent the automatic discharge enumerated in KRS 533.020(4) from applying. This inquiry is a matter of statutory interpretation, which we review de novo. *Artrip v. Noe,* 311 S.W.3d 229, 231 (Ky.2010). Furthermore, if the statute's language is unambiguous, then there is no need to resort to the canons of statutory construction. *White v. Check Holders, Inc.,* 996 S.W.2d 496, 497 (Ky. 1999).

The plain language of KRS 533.020(4) is clear. For a probationer to be "finally discharged" from probation, two condition precedents must be satisfied. First, there can be no pending warrant against the probationer. Secondly, the probation must not have been previously revoked. If one of these two conditions exists, then the probation will not automatically discharge by operation of law. Indeed, this Court very recently stated that the presence of either an active warrant or the previous revocation of one's probation will foreclose the probationer from being discharged and the period of probation will remain open. *Commonwealth v. Lee Andrew Wright,* 415 S.W.3d 606, 612 (Ky.2013) (citing *Curtsinger v. Commonwealth,* 549 S.W.2d 515, 516 (Ky.1977)).

Therefore, although Appellant's probationary period was to end on February 11, 2005, the period was tolled once the trial court issued a warrant for her arrest on March 20, 2000. Moreover, the warrant was active and pending upon her arrest on February 10, 2011. Consequently, Appellant failed to meet the requirements of KRS 533.020(4), thereby precluding an automatic discharge of her probation. Given

that Appellant's probationary period was still open, the trial court retained jurisdiction to conduct a revocation hearing.

Appellant requests that we interpret the statute differently by focusing on the word "and" contained within the relevant portion of KRS 533.020(4). Specifically, Appellant believes the statute prevents an automatic discharge if the following two conditions are *both* present prior to the expiration of the probationary period: (1) a warrant has been issued; *and* (2) probation has been revoked. Appellant's probation was not previously revoked, so it is her contention that the probation was discharged on February 11, 2005.

We decline to interpret the statute in such a way. The use of the word "and" is merely a conjunction used to connect the two events that will preclude an automatic discharge. Once more, we cite the language of KRS 533.020(4), which allows for a final discharge "provided that . . . no warrant issued by the court is pending . . . and probation . . . has not been revoked." A plain reading of the text reveals that the occurrence of either one of these events will forestall a final discharge. Both are not required.

Moreover, if we were to interpret the statute as Appellant suggests, every probationer, regardless of his or her noncompliance with the terms of probation, would be automatically discharged unless the court previously revoked the probation. This interpretation is nonsensical. Pragmatically, the most likely time the statute would halt an automatic discharge is when the probationer has violated his or her probation and absconded. It follows then, that if one has absconded and cannot be located, the court cannot conduct a revocation hearing. For these reasons, we disagree with Appellant's interpretation of the statute.

We must also note that, although we are affirming the Court of Appeals' reversal of the trial court's ruling, we part ways with its reasoning. We disagree that *Conrad* created a rule of law which, as applied to Appellant, estopped her from arguing that the trial court lacked jurisdiction. As stated, Appellant's period of probation was tolled by the plain language of KRS 533.020(4). Since Appellant was not discharged, the period of probation was left open for the court to retain its jurisdiction. The doctrine of estoppel simply does not apply in this case.

Lastly, Appellant contends that, since her sentencing, she has lived an exemplary life. The record indicates that Appellant is married and is a stay-at-home mother to her three children. Most importantly, Appellant has refrained from committing any additional crimes. While these facts may be contested and are not necessarily relevant to our jurisdictional analysis, we find it important to note that the trial court may consider these mitigating factors during Appellant's revocation hearing if one is, in fact, ultimately conducted.

In summation, we hold that the issuance of a warrant for a probation violation will toll the period of probation preventing the probationer from being automatically discharged pursuant to KRS 533.020(4). The warrant, however, must be issued before the expiration of the period of probation. Since the Fayette Circuit Court issued a warrant for Appellant's arrest within the five-year probationary period, it retained jurisdiction to conduct a probation revocation hearing. For the forgoing reasons, we affirm the Court of Appeals and hereby remand this case to the Fayette Circuit Court for further proceedings consistent with this opinion.

All sitting. All concur.