**COMMONWEALTH of Kentucky,
Appellant**

v.

**Derick DULIN, Appellee.**

No. 2012–SC–000668–DG.

Supreme Court of Kentucky.

April 17, 2014.

Jack Conway, Attorney General of Kentucky, Gregory C. Fuchs, Assistant Attorney General, Counsel for Appellant.

Joseph R. Eggert, Counsel for Appellee.

Opinion of the Court by Justice VENTERS.

Appellant, Commonwealth of Kentucky, appeals from an opinion of the Court of Appeals holding that KRS 533.040(2) did not extend the original expiration date of Appellee's, Derick Dulin, term of probation and, therefore, the Jefferson Circuit Court lost jurisdiction to revoke Dulin's probation when it purported to do so by an order entered in September 2008. The Court of Appeals concluded that the circuit court erred by denying Dulin's motion for post-judgment relief from the revocation order pursuant to CR 60.02 and RCr 10.26.

In denying Dulin's motion, the circuit court reasoned that he had expressly agreed to an extension of his probationary term beyond its original expiration, and thereby waived any objection he might otherwise have to a subsequent revocation. The circuit court relied upon our opinion in *Commonwealth v. Griffin,* 942 S.W.2d 289 (Ky.1997). In *Griffin,* we held that the five-year statutory limitation[1] on a probationary period can be waived by a probationer's knowing and voluntary request for extension of his probationary period in exchange for avoiding revocation of probation and imprisonment, and when that occurs, the trial court's jurisdiction is extended beyond the original probationary period.[2]

Dulin, in support of the Court of Appeals' decision reversing the circuit court, relies principally upon *Conrad v. Evridge,* 315 S.W.3d 313 (2010), where this Court held that a trial court loses jurisdiction to revoke an order of probation upon the expiration of the previously established probationary period, even if the motion to revoke is filed prior to the expiration date and the defendant stipulates to the violation, so long as the defendant is not responsible for delaying the revocation hearing beyond the expiration date. The Court of Appeals concluded that *Conrad* rather than *Griffin* was the controlling authority because Dulin's waiver occurred

---

1. KRS 533.020(4) ("The period of probation ... shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony[.]").

2. It is suggested in the record that *Conrad* overruled the waiver rule as stated in *Griffin;* however, an examination of *Conrad* does not support this position. See *Commonwealth v. Wright,* 415 S.W.3d 606, 611 n. 3 (Ky.2013), in which we recently acknowledged the continuing validity of the *Griffin* rule.

*after* the term of probation had expired. Accordingly, the Court of Appeals vacated the circuit court's order on the grounds that Dulin's sentence was discharged upon his completion of the originally established five-year probationary period. Integral to the Court of Appeals' opinion is its conclusion that KRS 533.040(2) did not extend Dulin's term of probation beyond its original expiration date.

We granted discretionary review to examine the provisions of KRS 533.040(2) with respect to tolling the expiration of a term of probation. Because we conclude from Dulin's specific circumstances that KRS 533.040(2) did operate to extend his term of probation by tolling its expiration for at least six months beyond the original expiration date, we must further conclude that the circuit court was not divested of jurisdiction to revoke his probation. Therefore, we reverse the Court of Appeals and reinstate the sentence imposed by the circuit court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Based upon his plea agreement, Dulin was sentenced on April 23, 2003, to twenty-years' imprisonment for possession of a controlled substance and being a first-degree persistent felony offender (PFO). In accordance with the plea agreement, the trial court suspended the imposition of the sentence of imprisonment and placed Dulin on supervised probation for the maximum term of five years.[3]

In August 2004, Dulin's probation officer reported to the circuit court that Dulin had violated several conditions of his probation, the earliest of which was testing positive for marijuana on April 15, 2004. For this reason a probation revocation hearing was held on October 20, 2004. Dulin admitted the violation, and in lieu of revoking probation and imposing the twenty-year term of imprisonment, the circuit court ordered that he serve 120 days in jail "as a condition of continuing on probation."

On February 21, 2005, the probation officer reported that on February 17, 2005, Dulin again tested positive for drug use in violation of his probationary conditions. At the April 18, 2005, revocation hearing Dulin admitted his violation, and in lieu of revocation, the circuit court ordered that he serve six months in jail before being released to continue his term of probation.

Then, on March 25, 2008, slightly less than one month before the fifth year anniversary of the April 23, 2003, sentence of probation, the Commonwealth moved to revoke Dulin's probation on the grounds that he had been indicted for various criminal offenses. The circuit court scheduled the revocation hearing for May 12, 2008, nineteen days after April 23, 2008, the original date for the expiration of Dulin's

---

3. The judgment signed on April 23, 2003 was not entered by the clerk until the following day. Although it makes no difference in this case whether the probationary period commenced on April 23 or April 24, because of the discrepancy, there are conflicting references in the record regarding the day that Dulin's probation actually began, and correspondingly, the day it was scheduled to expire. KRS 533.040(1) provides that "A period of probation or conditional discharge commences on the day it is imposed." Upon application of the ordinary usage of the term "imposed," we conclude that a probationary period will normally begin on the date that a defendant appears for sentencing and the trial court pronounces that the defendant is placed on probation. Ordinarily the written judgment reflecting the imposition of a sentence of probation is signed by the trial court the same day. We are persuaded that probation is "imposed" when these events occur rather than at some later date when the judgment is physically entered into the record by the circuit court clerk. Therefore, in this case Dulin's probationary period began on April 23, 2003, and was scheduled to expire on April 23, 2008.

term of probation. The delay in holding the hearing cannot be attributed to Dulin, and therefore, unless the period was tolled for some other reason, pursuant to *Conrad*, the post-expiration date revocation would clearly be impermissible. See also *Commonwealth v. Wright*, 415 S.W.3d 606, 610 (Ky.2013) (holding that where the judgment placed the defendant on supervised probation for five years, the probationary period expired five years from the date of sentencing discharging the defendant's sentence unless the term of probation was otherwise extended by operation of law) and *Whitcomb v. Commonwealth*, 424 S.W.3d 417 (Ky.2014) (holding that pursuant to KRS 533.020(4) ('[u]pon completion of the probationary period . . ., provided no warrant issued by the court is pending against him, the defendant shall be deemed finally discharged') the pendency of an outstanding warrant tolls the probationary period by operation of law).

On May 8, 2008, the parties agreed to a postponement of the revocation hearing until June 30, 2008. In connection with this rescheduling, Dulin expressly waived "any claim or objection" based upon the timeliness of the "revocation hearing falling after the otherwise expiration of probation of April 21, 2008[sic]." Obviously, this waiver was made *after* the expiration of the original probation expiration date, and so absent tolling, Dulin was discharged from probation by operation of law on April 23, 2008. Dulin's post-discharge waiver could not operate to reinstate a completed term of probation.

The revocation hearing commenced on June 30, 2008 but was recessed until August 11, 2008, with Dulin agreeing that "his probation period be extended to August 11, 2008." The hearing, however, did not resume until August 12, 2008. Finally, by order entered September 8, 2008, the circuit court found that Dulin had violated the conditions of his probation, and accordingly it revoked Dulin's probation and ordered the imposition of the twenty-year sentence of imprisonment specified in the judgment of April 23, 2003. Because the order of revocation was entered approximately four and one-half months after the original expiration date of the term of probation, to be effective any waiver or tolling of the expiration date would have to have extended the probationary term for a comparable period.

Dulin did not appeal the revocation order. In November 2010, relying upon CR 60.02 and RCr 10.26, he moved to vacate his sentence of imprisonment, citing to *Conrad* and arguing that his probation expired in April 2008, and that the circuit court therefore lacked jurisdiction to revoke his probation when it entered the September 2008 order. The circuit court denied the motion, reasoning that pursuant to *Griffin*, Dulin's express waivers extended the term of probation beyond its initial expiration date. The circuit court further noted that Dulin had entered into a plea agreement on the new charges that formed the basis for revoking his probation, and that as a term of the plea agreement, Dulin had consented to the revocation of his probation. The trial court reasoned that to relieve him of the contractual obligation would "invalidate the entirety of the [plea] agreement." The circuit court did not address how the final expiration date of Dulin's probation had been affected by Dulin's intervening violations and the two jail terms he served because of those violations.

As previously noted, the Court of Appeals reversed the circuit court, holding that pursuant to *Conrad* the trial court lost jurisdiction when it failed to revoke Dulin's probation before the term of probation ended on April 23, 2008. The Court of Appeals, with one judge dissenting, de-

cided that the tolling provisions of KRS 533–040(2) did not extend Dulin's probation beyond the April 23, 2008, expiration date.

## II. KRS 533.040(2)

■ We first consider the Commonwealth's argument that, pursuant to KRS 533.040(2), the two occasions upon which Dulin was found in violation of the conditions of probation, and the trial court refrained from revocation in favor of less severe punitive therapies, interrupted the running of Dulin's probationary period, and tolled the final expiration date of the probationary term such that Dulin was still on probation, and subject to the circuit court's jurisdiction at the time of the September 2008 revocation. KRS 533.040(2) provides as follows:

> If a court, as authorized by law, determines that a defendant violated the conditions of his probation or conditional discharge **but reinstates probation** or conditional discharge, **the period between the date of the violation and the date of restoration of probation** or conditional discharge **shall not be computed as a part of the period of probation** or conditional discharge.

(emphasis added). Because the statute uses the term *shall*, the tolling provisions of the subsection must therefore be construed to occur by operation of law, without any particular additional actions by the circuit court in order to implement the provisions. As a guide to our interpretation of the statute, we note that the 1974 Kentucky Crime Commission/LRC Commentary on the provision states as follows:

Subsection (2) seeks to deal with the matter of calculating sentences of probation or conditional discharge when there has been a violation of one of the conditions imposed upon the defendant. The provision contemplates that there will exist situations in which such a violation will not warrant revocation of the sentence with a subsequent incarceration. In such a situation, **the violation of conditions tolls the running of the term until such time as the sentence of probation or conditional discharge is restored** by a court.

(emphasis added).

From the plain text of KRS 533.040(2), it is seen that the provision is implicated when "a court … determines that a defendant violated the conditions of his probation," and does not order the revocation of probation. At both the October 2004 and April 2005 probation revocation hearings the circuit court determined that Dulin violated the conditions of his probation, and indeed, Dulin stipulated the violation at both hearings. Accordingly, this condition of the tolling provision is met. Dulin on two occasions unquestionably violated his probationary conditions and the circuit court did not revoke the order of probation, but chose instead to impose a brief, punitive jail sentence.

The second requirement for application of the tolling provision is that as a result of the violation, instead of revoking the defendant's probation and ordering the imposition of the previously withheld term of imprisonment, the circuit court instead "reinstate[ ] probation[.]"[4] A review of the events surrounding the two probation violations discloses that this condition, too,

---

4. It is worth noting that our decision today is not in conflict with *Commonwealth v. Wright,* 415 S.W.3d 606 (Ky.2013), because in *Wright* the probation violation was not followed by a reinstatement, or restoration of probation.

Thus, the tolling provision of KRS 533.040(2) was not triggered so as to extend the probationary period beyond its original expiration date.

was met. Although it phrased its decision as allowing Dulin to "continue" on probation, we cannot agree with the Court of Appeals that "continuing on probation" is inconsistent with "reinstating" probation. The statute also equates "reinstating" probation with "restoration of probation." In both instances of Dulin's interim violations of probation, the circuit court ordered him, upon completion of his jail sentence, to report back to his probation officer. Thus, in each instance, the circuit court interrupted Dulin's term of probation with a jail sentence, after which it "restored" Dulin's probationary status by restoring Dulin to the supervision of the probation officer. We therefore conclude that these two interruptions of the five-year probationary period established in the judgment of April 23, 2003, triggered the tolling provision of KRS 533.040(2).

The only remaining question in our review of KRS 533.040(2) is how long was each "period between the date of the violation and the date of restoration of probation," which according to the statute "shall not be computed as a part of the period of probation." Significantly, the first relevant date refers to the date of the *violation*, which by its plain meaning is the date upon which the offending act occurred.[5] Here, the two 2004 violations occurred on April 15 and July 16, and the hearing was held the following October, six months after the first violation. Similarly, the 2005 violation occurred when Dulin tested positive for marijuana on February 17, 2005, and the revocation hearing was not held until April 18, 2005, two months following the violation.

The second relevant date needed for determining the period "that shall not be computed as a part of the period of probation" is the date upon which the "restoration of probation" occurred. Dulin suggests that he was restored to probation when the trial court entered its order finding him in violation of his conditions of probation and sentencing him to a period of incarceration, thereby temporarily interrupting his release. He posits, therefore, that the time he spent in jail counts toward his probationary term. The Commonwealth, on the other hand, contends that the restoration of probation occurred at the conclusion of Dulin's jail sentence when he actually resumed his life subject to the ongoing conditions of probation. In this case it does not matter which of the two alternative dates the "restoration of probation" occurred, because under either alternative, the tolled time period results in the postponement of the expiration of probation beyond its initial date to April 23, 2008, and well past the final revocation date of September 8, 2008. Thus, under either alternative, we must conclude that Dulin had not completed his term of probation before the September 8, 2008 order, and he had not been discharged from probation when the circuit court ultimately revoked his probation and imposed the sentence of twenty-years' imprisonment. The circuit court, therefore, did not lack jurisdiction, and we conclude that its order revoking probation and imposing the sentence of imprisonment must be re-instated.

---

5. An alternative interpretation would be that this text refers to the date of the finding of a violation and, indeed this appears to be the interpretation applied by the Court of Appeals because its decision fails to account for the time between each of the violations and the corresponding revocation hearing; however, that interpretation does not comport with the plain language of the text. Moreover, interpreting the statute to refer to the date of the violation does not produce an unreasonable result because there is nothing unreasonable about suspending the running of a probationer's term of probation while he is not compliant with the conditions thereof.

As to whether the jail time imposed as punishment for a violation in lieu of a complete revocation of probation should be counted when the KRS 533.040(2) tolling period is calculated, the answer lies within the trial court's discretion. It is important to note that the trial court is equipped with great flexibility in managing a mid-probation incarceration or other punitive therapies it may chose to apply. For example, a probation violator may be required to serve weekends in jail, and during the week remain subject to all other probationary conditions upon which his original, as well as his ongoing release from custody is predicated. In such instances, it may be clear that the term of probation is not actually interrupted, and so there is no moment upon which a "restoration of probation" following the violation occurs. A similar analysis may occur if the punitive therapy selected by the trial court is home incarceration.

 It is possible, as in *Conrad*, to have a mid-probation incarceration. *without* the incarceration period counting as tolling time and thus extending the probationary period. However, because KRS 533.040(2) functions by operation of law, if the trial court intends for the probationary status to continue during such interim periods of incarceration, it should endeavor to make that intention explicit in the terms of the order imposing such conditions. Therefore, whether incarceration time is included as tolling time must be decided upon a case by case basis. In summary, we are persuaded that the Court of Appeals incorrectly concluded that the tolling provisions of KRS 533.040(2) did not apply to the two probation violations. We therefore reverse its decision and reinstate the final order of the Jefferson Circuit Court which revoked Dulin's probation and imposed the sentence of imprisonment.

 Notwithstanding the foregoing analysis under KRS 533.040(2), Dulin argues that the KRS 533.040(2) tolling provision does not apply because the circuit court never entered a written order extending the period of probation as it was allowed to do under KRS 533.020(4).[6] However, our examination of KRS 533.020(4) discloses no requirement that the circuit court enter a *written* order in order for its tolling provisions to apply; rather, the tolling provisions are, as discussed above, deemed to apply by operation of law, and it is fundamental that we will not read provisions into a statute that are not expressed therein by the legislature in the statutory text. The written ("duly entered") order referred to in KRS 533.020(4) is required when the trial court chooses to exercise its discretion to extend or to shorten a term of probation, as may occur when a, probationer fails to satisfy probationary obligations, or when a probationer convinces the court that his rehabilitation is complete and further supervision is unwarranted. The written order requirement, however, does not pertain to extensions brought on by operation of law.

Dulin also argues that "In *[Conrad v.] Evridge* . . . this Court clarified that such

6. KRS 533.020(4) provides as follows: "The period of probation, probation with an alternative sentence, or conditional discharge shall be fixed by the court and at any time may be extended or shortened by duly entered court order. Such period, with extensions thereof, shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony nor two (2) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a misdemeanor. Upon completion of the probationary period, probation with an alternative sentence, or the period of conditional discharge, the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation, probation with an alternative sentence, or conditional discharge has not been revoked."

orders imposing a jail sentence, and returning the defendant to probation, after its expiration, does not toll the period of probation ... if that order acts as a modification of probation...." While this is a correct statement, *Conrad* is distinguishable from the present case because in *Conrad,* unlike here, the original probation expiration date was identified in the original probation order as being June 17, 2009; the court in *Conrad* then ordered a period of incarceration, but, despite the incarceration, again reiterated that the probation expiration date would remain June 17, 2009. Therefore, in *Conrad,* based upon the facts in that case, we determined that what had actually occurred was a *modification* of probation pursuant to KRS 533.020(4), with the modifications being the addition of a condition of incarceration, and an implied shortening of the unincarcerated probationary period to account for the expiration date remaining at June 17, 2009. In order for this case to be on point with *Conrad,* when the circuit court ordered the two incarcerations, it would have had to at the same time have reiterated that the probationary expiration date remained as April 23, 2008. That of course did not occur.

### III. CR 60.02 AND RCR 10.26

Citing *Gross v. Commonwealth,* 648 S.W.2d 853 (Ky.1983), and *Howard v. Commonwealth,* 364 S.W.2d 809 (Ky.1963), the Commonwealth also argues that the relief sought by Dulin is not cognizable under CR 60.02 or RCr 10.26. Because of our disposition of the case as explained

above, and because it is otherwise not necessary to resolve this specific issue in this appeal, we need not address this argument in detail. However, we note that CR 60.02(e) provides that "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: .... (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]"

▇ If a probationer has been discharged from probation by operation of law pursuant to KRS 533.020(4),[7] and the circuit court is therefore without jurisdiction to have revoked his probation and yet does so nevertheless, resulting in the former probationer being imprisoned in violation of *Conrad,* it would appear that in that case he would be being held in incarceration under a void judgment. In such cases, absent an alternative means of obtaining relief, the incarcerated former probationer being held under a void judgment may obtain relief pursuant to CR 60.02(e). *Foremost Ins. Co. v. Whitaker,* 892 S.W.2d 607 (Ky.App.1995) (citing Bertelsman and Philipps, *Kentucky Practice,* Civil Rule 60.02, Vol. 7, p. 396 (4th ed.1984)) (a void judgment is not entitled to any respect or deference by courts, and is a legal nullity, and a court has no discretion in determining whether it should be set aside).[8]

---

7. If probation is not revoked before it expires, "the defendant shall be deemed finally discharged."

8. As a caveat, however, as explained in *Gross,* if the issue arises within the three-year statute of limitations period to bring an RCr 11.42 petition, the claim should be brought under that rule rather than CR

60.02. Of course, if the issue is discovered within the permissible time period, the challenge to the probation revocation should be brought by direct appeal. See, e.g., *Wyatt v. Commonwealth,* 387 S.W.3d 350 (Ky.App. 2012) ("Jeffrey L. Wyatt was granted discretionary review of a McCracken Circuit Court order affirming the revocation of his conditional discharge."). Yet another avenue of

On the other hand RCr 10.26, our criminal palpable error rule, is not intended as an independent source under which an aggrieved party may bring a motion for relief challenging an alleged error in a proceeding in which there has been a final judgment entered. See generally *Gross*, 648 S.W.2d at 856 (explaining that "[t]he structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete."). Dulin's effort to bring a motion for relief under RCr 10.26 is a good example of a haphazard attack on a final judgment.

## IV. CONCLUSION

In summary, we are persuaded that the Court of Appeals incorrectly concluded that the tolling provisions of KRS 533.040(2) did not apply to the two probation violations. We therefore reverse its decision and reinstate the final order of the Jefferson Circuit Court revoking the order of probation and imposing the sentence of imprisonment for twenty-years.

All sitting. All concur.

challenge, under the proper circumstances, revocation may be challenged by a writ. See *Conrad v. Evridge*, 315 S.W.3d 313 (Ky.2010) (Defendant filed petition for writ of prohibition to prevent the circuit court from holding revocation hearing after date that probation expired).