SMALLWOOD, JUDGE:
James William Jensen appeals from an order of the Nelson Circuit Court which revoked his probation and reinstated a ten-year sentence. We hold that the trial court lacked jurisdiction to revoke Jensen's probation and therefore, vacate the court's order and remand.
On October 21, 2005, Jensen entered a guilty plea to two counts of first-degree sexual abuse and two counts of second-degree unlawful transaction with a minor. Pursuant to the plea agreement, Jensen was sentenced to five years on each count to run consecutively for a total imprisonment term of twenty years; however, Jensen was ordered to serve ten years for the sexual abuse charges, but the unlawful transaction with a minor charges were probated for five years.
Jensen was released from prison on December 1, 2010, after serving his sentence for the sexual abuse charges. Jensen's probated sentence began on that date and was scheduled to end on December 1, 2015. After his release in 2010, Jensen was arrested multiple times for violating the terms of his probation and for new criminal charges. Three violation reports were filed and each requested the revocation of Jensen's probated sentence. These reports were filed on November 21, 2012, August 2, 2013, and November 4, 2016. An arrest warrant was issued on August 5, 2015, but Jensen was not arrested until October 19, 2016.
Jensen appeared in the Nelson Circuit Court on November 3, 2016, and counsel was appointed. A probation revocation hearing was scheduled for later that month, but was rescheduled multiple times. Eventually, a probation revocation hearing was held on March 2, 2017. After hearing evidence, the trial court revoked *337 Jensen's probation and this appeal followed.
Jensen raises two arguments on appeal, but we need only address the first as it requires us to vacate the order revoking his probation. Jensen argues that the trial court did not have jurisdiction to revoke his probation because his probated sentence ended before the revocation hearing took place. This issue is unpreserved, but since it is a sentencing issue, and those issues are jurisdictional, it may be raised for the first time on appeal. Cummings v. Commonwealth , 226 S.W.3d 62, 66 (Ky. 2007). Jurisdictional issues are reviewed de novo. Appalachian Reg'l Healthcare, Inc. v. Coleman , 239 S.W.3d 49, 54 (Ky. 2007).
Kentucky Revised Statute (KRS) 533.020(4) states:
The period of probation, probation with an alternative sentence, or conditional discharge shall be fixed by the court and at any time may be extended or shortened by duly entered court order. Such period, with extensions thereof, shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony nor two (2) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a misdemeanor. Upon completion of the probationary period, probation with an alternative sentence, or the period of conditional discharge, the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation, probation with an alternative sentence, or conditional discharge has not been revoked.
The issue for our consideration is the phrase "provided no warrant issued by the court is pending against him." If the warrant was still pending at the time Jensen's probation was revoked, then the circuit court had jurisdiction because the probationary period had been extended by the pending warrant. If the warrant was no longer pending at the time of the revocation, then the court was without jurisdiction to act.
The case of Commonwealth v. Tapp , 497 S.W.3d 239 (Ky. 2016), is directly on point and controls the outcome of this case. In Tapp , David Tapp was given a one-year sentence, probated for one year on February 2, 2012. Tapp violated the terms of his probation and a bench warrant was issued. He was brought before the trial court on February 7, 2013, and a probation revocation hearing was scheduled for February 12, 2013.
At the revocation hearing, Tapp argued that the court lacked the jurisdiction to revoke his probation because his probation had ended on February 2, 2013. The trial court disagreed believing a warrant remains pending until there has been a disposition of the issue for which the warrant was issued. In Tapp's case, that would be disposing of the probation revocation issue. Tapp's probation was revoked by the court and he appealed. The Court of Appeals reversed the trial court and held that the warrant was no longer pending once it was served. The Commonwealth then appealed to the Kentucky Supreme Court.
The Supreme Court disagreed with both the trial court and Court of Appeals. The Court held that "[p]ursuant to Kentucky Rule of Criminal Procedure (RCr) 2.06(1), a warrant has two objectives-arresting the defendant and bringing the defendant before the court. A warrant remains pending until both objectives have been met-the defendant has been arrested and the defendant has been brought before the court." Tapp at 241 (emphasis in original). The Court found that the warrant was no longer pending when Tapp was first brought before the circuit court on February *338 7, 2013. The Court held that the circuit court could have extended his probation long enough to have a revocation hearing; however, since it did not, Tapp's probation ended on that date and the court was without jurisdiction to revoke it on February 12, 2013.
Similar events occurred in the case sub judice. An arrest warrant was issued for Jensen on August 5, 2015, prior to the end of Jensen's probation on December 1, 2015. Pursuant to KRS 533.020(4), this pending warrant tolled Jensen's probation period. Jensen was finally arrested on October 19, 2016, and appeared before the Nelson Circuit Court on November 3, 2016. Upon his appearance before the court, the warrant was no longer pending. According to Tapp , at this November 3 appearance, the trial court could have extended Jensen's probation until a revocation hearing was held, but it failed to do so. Without this probation extension, Jensen's probation officially expired on November 3, 2016. Therefore, the circuit court was without jurisdiction to revoke Jensen's probation on March 2, 2017, and we must vacate the order on appeal.[1]
Jensen's other arguments on appeal are moot.
Based on the foregoing, we vacate the order revoking Jensen's probation and remand.
ALL CONCUR.

We will note that Jensen was also subject to a three-year term of conditional discharge, now called postincarceration supervision, due to the sexual nature of his crimes. Any revocation of this supervision is within the province of the Parole Board, not the courts. KRS 532.043.