RENDERED: NOVEMBER 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1658-MR

DEANDRE MCCAIN                                           APPELLANT

         APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
           ACTION NO. 11-CR-000135

COMMONWEALTH OF KENTUCKY                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: On February 9, 2011, Deandre McCain (hereafter

"Appellant") pleaded guilty to second-degree burglary in Jefferson Circuit Court

Case No. 11-CR-000135. In accordance with the plea agreement, the trial court

sentenced Appellant to seven years' incarceration, probated for five years. One of

the conditions of probation was that he pay restitution totalling $525.00. On April

28, 2011, the Commonwealth filed a motion to revoke Appellant's probation after

he was charged with trafficking in a controlled substance and carrying a concealed deadly weapon. After serving approximately nine months in jail, Appellant was granted shock probation, which was unopposed by the Commonwealth pursuant to an agreement resulting from the trafficking case. Over the next several years, Appellant committed a host of additional crimes for which the Commonwealth unsuccessfully sought revocation of Appellant's probation. In 2019, however, Appellant entered an *Alford*[1] plea to facilitating homicide in Case No. 2017-CR-001122. As a result, the Commonwealth filed another motion to revoke Appellant's probation, which was granted. Appellant was sentenced to a total of eighteen years' imprisonment. Appellant's sole argument on appeal is that because his initial five-year probationary period in Case No. 11-CR-000135 was set to expire in 2017, the revocation of his probation that occurred in 2019 was erroneous and invalid. For the following reasons, we disagree.

## I.  STANDARD OF REVIEW

We review probation revocation determinations for an abuse of discretion. *Blankenship v. Commonwealth*, 494 S.W.3d 506, 508 (Ky. App. 2015). An abuse of discretion occurs when the trial court's decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

## II. ANALYSIS

Appellant contends that his probationary period was only tolled during the nine months he served in jail before being granted shock probation. However, the Commonwealth asserts that Appellant's probationary period was additionally tolled for approximately 45 months resulting from the multiple offenses committed while he was on probation. Appellant replied that those additional time periods did not toll his probationary period because he was not incarcerated as a result for those violations. According to Appellant, after the initial nine-month period of incarceration after which he received shock probation, the trial court never actually revoked or reinstated his probation, but rather "maintained" it, at least until he was finally sentenced to eighteen years' incarceration.[2]

Relevant to our decision is KRS[3] 533.040(2):

> If a court, as authorized by law, determines that a defendant violated the conditions of his probation or conditional discharge but reinstates probation or conditional discharge, the period between the date of the violation and the date of restoration of probation or conditional discharge shall not be computed as a part of the period of probation or conditional discharge.

---

[2] The record indicates that Appellant actually served twenty-nine months incarceration prior to his ultimate sentencing–nine months for his initial violation of probation resulting from Case No. 2011-CR-000135, and an additional one year and eight months resulting from Case No. 2017-CR-001122, for which he received credit for time served.

[3] Kentucky Revised Statutes.

Contrary to Appellant's argument, "[b]ecause the statute uses the term *shall,* the tolling provisions of the subsection must therefore be construed to occur by operation of law, without any particular additional actions by the circuit court in order to implement the provisions." *Commonwealth v. Dulin*, 427 S.W.3d 170, 174 (Ky. 2014). "[W]e conclude that a probationary period will normally begin on the date that a defendant appears for sentencing and the trial court pronounces that the defendant is placed on probation." *Id.* at 172 n.3.[4] Therefore, the trial court was not required to take any specific action for KRS 533.040(2) to toll Appellant's probationary period resulting from Case No. 11-CR-000135 or any other offense. Because the additional tolling periods cited by the Commonwealth would extend the probationary period well beyond 2019, the trial court's ultimate revocation of Appellant's probation on August 22, 2019 was proper. There certainly is no indication that the trial court abused its discretion.

---

[4] *See also* 1974 Kentucky Crime Commission/LRC Commentary on KRS 533.040(2):

> Subsection (2) seeks to deal with the matter of calculating sentences of probation or conditional discharge when there has been a violation of one of the conditions imposed upon the defendant. The provision contemplates **that there will exist situations in which such a violation will not warrant revocation of the sentence with a subsequent incarceration. In such a situation, the violation of conditions tolls the running of the term until such time as the sentence of probation or conditional discharge is restored** by a court.

(Emphasis added.)

### III.  <u>CONCLUSION</u>

For the foregoing reasons, we hereby affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shannon Dupree
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Condor
Assistant Attorney General
Frankfort, Kentucky