RENDERED: OCTOBER 14, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1386-MR

CLARENCE BARBOUR          APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE MARY M. SHAW, JUDGE
ACTION NO. 10-CR-003962

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND COMBS, JUDGES.

CETRULO, JUDGE: Appellant Clarence Barbour ("Barbour") appeals the Jefferson Circuit Court order revoking his probation. Although Barbour met the requirements for automatic discharge in July 2021, the trial court extended his probationary period until it could hold a revocation hearing. As such, the trial court retained jurisdiction to revoke Barbour's probation. We affirm.

## I.    FACTUAL AND PROCEDURAL HISTORY

In July 2011, Barbour pled guilty to one count of second-degree assault and one count of third-degree terroristic threatening.  In August of that year, the trial court sentenced him to five years of incarceration, probated for five years.  Then, in April 2014, the Commonwealth moved to revoke Barbour's probation after the Division of Probation and Parole reported that Barbour had absconded from supervision.  However, Barbour failed to appear for the hearing and the trial court issued a bench warrant for his arrest.  Six months later – on October 29, 2014 – when Barbour appeared on the matter, the trial court revoked his probation.  Then, in June 2015, the trial court granted Barbour shock probation.

A couple of years later, in late 2017, the Commonwealth again moved to revoke Barbour's probation, citing absconding; Barbour again failed to appear; and the trial court again issued a bench warrant in November 2017.  Nearly four years later – on July 28, 2021 – Barbour appeared on that bench warrant (the "July 2021 Hearing").  During the July 2021 Hearing, the trial court noted that although Barbour's probation had been set to expire two years earlier – on October 29, 2019 (five years after it had initially revoked his probation) – his pending warrant held the probationary period open.  Further, the trial court extended Barbour's probation "to this next court date which we are going to get right now . . . Wednesday, August 11 at 10:30."  The trial court noted that "his probation [was] extended until

-2-

it got that taken care of on August the 11th." After the hearing, the trial court's order reiterated that decision: "extend supervision until next date – 8/11 @ 10:30 A."

The August 11, 2021 Hearing did not occur, however, because there had been a death in the Jefferson County Courthouse community and the trial court closed early for the funeral. The parties agreed to continue the hearing to September 1, 2021, but the trial court did not enter an additional order extending Barbour's probationary period to the new date. At the September 1, 2021 Hearing, the parties agreed to pass the motion to revoke to October 27, 2021, and the trial court stated that it was extending probation to that date.

When the parties reconvened on October 27, 2021, defense counsel questioned whether the trial court had any record that it had extended the probationary period from the August 11, 2021 hearing date to the September 1, 2021 Hearing. The trial court stated that it had extended the probationary period and it had an order that the agreement was "to pass it and extend it to the October 27th date, which is today. I think technically it was extended even though we weren't in court on August 11." The trial court then revoked Barbour's probation on October 27, 2021.

Barbour appeals the probation revocation and argues that the trial court did not retain jurisdiction because it failed to enter an order on August 11, 2021, extending his probation to the final revocation hearing.

## II.   STANDARD OF REVIEW

Sentencing issues – like those presented here – are jurisdictional. *Jensen v. Commonwealth*, 564 S.W.3d 335, 337 (Ky. App. 2018).  We review jurisdictional issues *de novo*.  *Id.* (citing *Appalachian Reg'l Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 54 (Ky. 2007)).

## III.   ARGUMENT

Barbour argues that the trial court did not have jurisdiction to revoke his probation on October 27, 2021, because his probationary period had expired, and his warrant was no longer pending, thereby "automatically discharging" him from probation.  Additionally, he argues that the trial court failed to properly extend his probationary period to the October 2021 Hearing once he met the requirements for automatic discharge.

Under KRS[1] 533.020(4), "probation is automatically discharged upon completion of [the] probationary period unless [1] it has been revoked or [2] an arrest warrant is pending."  *Commonwealth v. Tapp*, 497 S.W.3d 239, 242 (Ky.

---

[1] Kentucky Revised Statute.

2016). In *Tapp*, the Kentucky Supreme Court emphasized that "[i]f neither condition exists, the trial court loses jurisdiction both to revoke and to modify the conditions of probation." *Id.*

The Kentucky Supreme Court further explained, however, that after the initial appearance on the warrant – *i.e.*, when the warrant stopped "pending" and a defendant *would* have been automatically discharged – the trial court could extend the probationary period for a reasonable time until it could hold a final revocation hearing. *Id.* Such extension required that the trial court had entered the warrant before probation expired and that it duly entered an order extending the probationary period to the revocation hearing. *Id.* at 241 (citing KRS 533.020(4)).

### A. Expiration of Probationary Period and Pending Warrant

First, Barbour argues that he completed his probationary period without revocation, meeting the first requirement under *Tapp*. We agree. The trial court stated on numerous occasions that probation would have ended in October 2019, five years after it initially revoked Barbour's probation. However, the Commonwealth disagrees with that calculation and claims Barbour's probation would not have ended until June 2020, five years after the trial court granted Barbour shock probation.

Further, the Commonwealth claims that the warrant "tolled" Barbour's probationary period from the date the trial court issued the warrant – in

November 2017 – until the July 2021 Hearing.  Therefore, the Commonwealth argues, Barbour still had 948 days[2] to serve on his probation, and it was unnecessary for the trial court to extend the probationary period at all.  In so arguing, the Commonwealth relied on the "tolling" analysis in the Kentucky Supreme Court case, *Whitcomb v. Commonwealth*, 424 S.W.3d 417 (Ky. 2014).

While Barbour agrees that a pending warrant holds open a defendant's probationary period when the trial court issued it prior to the expiration of his probation, he does not agree that the KRS 533.040(2) tolling provision was triggered.  *See Whitcomb*, 424 S.W.3d at 419.[3]  Barbour argues that the tolling provision in KRS 533.040(2) is triggered only after two conditions are met:  (1) the court determined the defendant violated the conditions of his probation; and (2) the court reinstated the defendant's probation.  Only at such point would the "period between the date of the violation and the date of restoration of probation . . . not be computed as a part of the period of probation . . . ."  *Commonwealth v. Dulin*, 427 S.W.3d 170, 174 (Ky. 2014) (citing KRS 533.040(2)).  Barbour contends that

---

[2] The Commonwealth argues Barbour's probation "paused" when the trial court issued the warrant on November 6, 2017, and the time did not begin running again until July 28, 2021, when Barbour first appeared on the matter.  By their calculation, Barbour had a total of 1,828 days of probation (five years); Barbour served 880 of those days – from June 10, 2015 to November 6, 2017; which left 948 days of probation to serve (1,828 - 880 = 948).

[3] "Indeed, this Court very recently stated that the presence of either an active warrant or the previous revocation of one's probation will foreclose the probationer from being discharged and the period of probation will remain open."  *Id.* (citations omitted).

neither condition was met;[4] therefore, tolling was only relevant so as not to "automatically discharge" him from probation while he had a pending warrant. It was not relevant as to whether it paused then restarted his probationary period as the Commonwealth asserts. Again, we agree.

Although the Kentucky Supreme Court, in *Whitcomb*, used the term "toll," the Court did not conduct an analysis under KRS 533.040(2) and therefore did not appear to be making that claim. *Whitcomb* does contain similar facts to Barbour's;[5] however, the case is not particularly helpful in determining whether Barbour's probationary period should have been tolled under the statute so as to subtract an amount of time from his probationary period.

---

[4] Importantly, the trial court did not reinstate the defendant's probation at the October 2021 Hearing, and instead revoked Barbour's probation. As such, the second step of the tolling analysis was never met.

[5] Like here, *Whitcomb* involved a defendant whose sentence was probated for five years. *Whitcomb*, 424 S.W.3d at 418. A month after sentencing, the defendant failed to report and the trial court issued a warrant for her arrest, but she did not appear for nearly 11 years. *Id.* By that time, her five-year probationary period had expired, and the trial court determined that her probation expired six years earlier (five years after the sentencing), so it did not have jurisdiction to revoke her probation and dismissed the Commonwealth's motion. *Id.* This Court reversed (for reasons our Supreme Court ultimately disagreed with) and then our Supreme Court clarified that even though the probationary period was set to expire six years earlier, the pending warrant tolled that period because the trial court had issued the warrant before the period expired. *Id.* Therefore, the defendant was not automatically discharged from probation, and the probationary period remained open *so as to hold a probation revocation hearing*. *Id.* at 419. Our Supreme Court held that "the issuance of a warrant for a probation violation will toll the period of probation preventing the probationer from being *automatically discharged* pursuant to KRS 533.020(4)" so long as the trial court issued the warrant before the probationary period expired. *Id.* at 420 (emphasis added).

-7-

Luckily, two months after *Whitcomb* was published, our Supreme Court further explained the tolling provision of KRS 533.040(2) in *Dulin*, 427 S.W.3d at 174. There, the Kentucky Supreme Court noted that "[f]rom the plain text of KRS 533.040(2), it is seen that the provision is implicated when 'a court . . . determines that a defendant violated the conditions of his probation,' and does not order revocation of probation." *Id.* Only when the trial court determines the defendant violated the conditions of probation and reinstates probation does the trial court then calculate the period that "shall not be computed as a part of the period of probation." *Id.*

There, the Kentucky Supreme Court conducted a thorough analysis of KRS 533.040(2) and concluded that the trial court had determined, at each of the revocation hearings, that the defendant violated his probation. *Dulin*, 427 S.W.3d at 174. Second, the Kentucky Supreme Court found that the trial court had clearly reinstated the defendant's probation following the hearings. *Id.* at 174-75.

Here, however, the trial court did not make a determination regarding whether Barbour violated his probation until October 27, 2021. Further, at that point, the trial court revoked Barbour's probation – it did not reinstate his probation. Therefore, the tolling provision of KRS 533.040(2) was not triggered.

Further, in *Whitcomb*, the Kentucky Supreme Court noted it was simply tolling the "automatic discharge" feature of KRS 533.020(4) until the

defendant came before the court because she did not meet the requirements for automatic discharge with a pending warrant. *Whitcomb*, 424 S.W.3d at 419. It did not, as the Commonwealth suggests, toll her probation under KRS 533.040(2) so as to recompute her probationary period. We therefore are not persuaded by the Commonwealth's argument and will follow *Dulin*'s tolling analysis. As such, we find that Barbour's probationary period was completed without revocation, and met the first requirement under *Tapp*. *Tapp*, 497 S.W.3d at 242.

Our second step then is to determine whether Barbour had a pending warrant. *Id.* An arrest warrant is "pending" until the defendant (1) has been arrested and (2) appears in court on that matter. *Id.* at 241 (citing RCr[6] 2.06(1)). Importantly, the appearance in court does not require a full "disposition . . . of the matter for which [the warrant] was issued[.]" *Id.* Here, Barbour's warrant stopped pending in July 2021 because at that point, he had been arrested and appeared in court for the July 2021 Hearing. Therefore, because Barbour's probationary period had expired – without revocation – and his warrant was not pending, he met the requirements for automatic discharge in July 2021. However, importantly, the trial court did have the authority to extend the probationary period in such circumstances – thereby postponing automatic discharge – until it could hold a revocation hearing. *Id.* at 242.

---

[6] Kentucky Rule of Criminal Procedure.

**B.      Extension of Probationary Period**

In *Tapp*, the Kentucky Supreme Court explained that after the initial appearance on the warrant – *i.e.*, when the warrant stopped "pending" – the trial court could extend the probationary period for a reasonable time until it could hold a final revocation hearing. *Id.* To grant such extension, a trial court must duly enter an order stating as much. *Id.* (citing KRS 533.020(4)) ("A probationer is entitled to due process protections, one of which is a 'duly entered court order.'").[7]

Thus, here, to extend the probationary period – so as to postpone Barbour's automatic discharge – the trial court needed to enter an order stating it was extending "the probationary period for a reasonable time until a probation revocation hearing could occur." *Id*. at 242 (citing KRS 533.020(4)). It is undisputed that the trial court followed that directive and extended the probationary period from the July 2021 Hearing to the next hearing date via a duly entered order. As discussed, after the July 2021 Hearing, the trial court's order stated that it would "extend supervision until next date – 8/11 @ 10:30 A."

As stated, Barbour argues that the trial court failed to extend the probationary period *again* when the hearing was rescheduled to accommodate the

---

[7] *See also Dulin*, 427 S.W.3d at 176 ("The written ('duly entered') order referred to in KRS 533.020(4) is required when the trial court chooses to exercise its discretion to extend or to shorten a term of probation, as may occur when a, probationer fails to satisfy probationary obligations . . . .").

-10-

courthouse closure. He claims the trial court lost jurisdiction at that point. The issue here is whether the trial court's initial extension ran to the next in-person hearing (covering August 11, 2021 to September 1, 2021) despite the trial court's failure to issue a separate order covering those dates. We believe it did.

That did not happen here. Here, the trial court recognized the need to extend Barbour's probation at the July 2021 Hearing because his probationary period had expired, and his warrant stopped pending on that date. Therefore, the trial court properly extended Barbour's probationary period via a duly entered order to hold his probation open to the next hearing, when it could "get [the issues] taken care of."[8] That hearing, although initially scheduled for August 11, 2021, did not take place until September 1, 2021, a date to which both parties agreed.

Under these circumstances, it is clear the trial court intended to extend the probationary period until the next hearing. August 11, 2021 was not inherently significant; it was simply the next open date to hold the revocation hearing. Therefore, when the courthouse closed on that date, the trial court worked with both parties to determine the next best date, within a reasonable time, to complete the hearing. On that new date, the trial court again extended the probationary period to the final revocation hearing. The actions of the trial court followed the

---

[8] "To interpret the language of a trial court's order we apply substantially the same principles of construction as we do in interpreting statutes." *Commonwealth v. Wright*, 415 S.W.3d 606, 609 (Ky. 2013) (citing *Crouch v. Crouch*, 201 S.W.3d 463, 465-66 (Ky. 2006)).

guidance in *Tapp*. As such, we find that the trial court properly extended Barbour's probation and thereby retained jurisdiction until the October 27, 2021 Hearing.

## IV. CONCLUSION

Although Barbour's probationary period had expired without revocation and his warrant stopped pending – meeting the requirements for automatic discharge – the Jefferson Circuit Court properly extended his probationary period until it could hold the probation revocation hearing. Therefore, the trial court retained jurisdiction through the October 27, 2021 Hearing and its order revoking Barbour's probation is AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Euva D. May
Louisville, Kentucky

Jennifer E. Hubbard
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky