RENDERED: MAY 19, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1483-MR

CRAIG HOLLON                                                      APPELLANT

v.
APPEAL FROM BREATHITT CIRCUIT COURT
HONORABLE LISA HAYDEN WHISMAN, JUDGE
ACTION NO. 13-CR-00005

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND McNEILL, JUDGES.

GOODWINE, JUDGE: Craig Hollon ("Hollon") appeals the November 22, 2021, order of the Breathitt Circuit Court revoking his probation and imposing a sentence of eight years' imprisonment. We affirm.

A Breathitt County grand jury indicted Hollon on several charges on March 29, 2013. On July 15, 2014, he entered a plea agreement and was sentenced to eight years in prison, probated for five years.

A violation of supervision report was filed on February 7, 2018, requesting revocation of Hollon's probation because he violated the conditions of his probation on January 25, 2018. The circuit court conducted a revocation hearing on March 23, 2018, and found Hollon violated the terms of his probation but declined to revoke it.

A second violation of the supervision report was filed on April 30, 2018, requesting the imposition of an alternative sentence of sixty days' jail time because Hollon again violated the conditions of his probation on April 20, 2018. At the revocation hearing on May 25, 2018, the circuit court found Hollon violated the terms of supervision and sentenced him to serve sixty days' jail time and to "remain on probation as previously ordered."

A third violation of supervision report was filed on May 15, 2019, recommending revocation of probation because Hollon violated the terms of his probation on February 8, 2019. At the revocation hearing on September 20, 2019, Hollon agreed to extend his probation for five years to avoid revocation. Both Hollon and his counsel, having seen and agreed to the terms of the extension, signed the order.

On October 5, 2021, the Commonwealth filed a motion to revoke Hollon's probation. A hearing was conducted on November 19, 2021. Hollon argued, as a matter of law, that the circuit court lacked jurisdiction to enter the

order extending his probation on September 20, 2019, because his probationary period expired on July 11, 2019 – five years after sentencing.[1] The circuit judge entered an order revoking his parole and imposing the eight-year sentence on November 22, 2021. This appeal followed.

We review matters of statutory interpretation *de novo*. *Whitcomb v. Commonwealth*, 424 S.W.3d 417, 419 (Ky. 2014) (citation omitted).

On appeal, Hollon argues: (1) even with the tolling of the probationary period, his probation expired on September 15, 2019; (2) as a result, the circuit court lacked jurisdiction to enter the order extending his probation on September 20, 2019; and (3) in the alternative, he did not knowingly and voluntarily agree to the extension of his probation.

First, Hollon acknowledges that his original probationary period has been tolled due to violations of the terms of his supervision. At issue is applying the tolling provisions in KRS 533.040(2). "If a court, as authorized by law, determines that a defendant violated the conditions of his probation . . . but reinstates probation . . . , the period between the date of the violation and the date of the restoration of probation . . . shall not be computed as part of the period of

---

[1] The parties disagree about the date of sentencing and, as a result, the date of expiration of Hollon's probationary period. Hollon uses the date the circuit judge signed the sentencing order, July 11, 2014. The Commonwealth uses the date of entry of the order, July 15, 2014. Use of the date of entry of the order is appropriate.

probation[.]" *Id.* Hollon reasons his probationary period must be tolled for sixty-six days because of two violations, meaning his probation expired on September 15, 2019.

Hollon erroneously alleges that tolling begins when a violation of supervision report is filed. Instead, tolling runs from the date of the violation itself. *Commonwealth v. Dulin*, 427 S.W.3d 170, 175 (Ky. 2014) (citing KRS 533.040(2)). Hollon first violated the conditions of his supervision on January 26, 2018. The circuit court then reinstated Hollon's probation at the hearing on March 23, 2018, tolling his probationary period for fifty-seven days.

Hollon then violated the conditions of his probation on April 20, 2018. On May 25, 2018, the circuit court ordered him to serve sixty days and to "remain on probation as previously ordered." Were we to accept Hollon's argument that probation was reinstated at that time despite his jail sentence, this violation still tolls his probationary period for an additional thirty-five days.[2] In total, these violations tolled Hollon's probation for ninety-two days. By this reasoning, Hollon's probation would have expired on October 15, 2019, nearly a

---

[2] It is within the circuit court's discretion to determine whether jail time imposed punitively for a violation should be tolled against the probationary period. *Dulin*, 427 S.W.3d at 176. If the circuit court intends for the probationary period to continue during incarceration, it "should endeavor to make that intention explicit in the terms of the order imposing such conditions." *Id*. We need not address whether the circuit court's May 25, 2018, order meets this standard in order to find the court had jurisdiction to enter the September 20, 2019, order.

month after the September 20, 2019, revocation hearing. Therefore, the circuit court had jurisdiction to enter the order extending Hollon's probation.

Having determined that the circuit court had jurisdiction on September 20, 2019, we will consider whether it properly extended his five-year probation. The Supreme Court, in *Commonwealth v. Griffin*, 942 S.W.2d 289, 291 (Ky. 1997), held that a circuit court is not precluded by KRS 533.020(4) from extending the probation period beyond five years. Such an extension is allowed where a defendant knowingly and voluntarily waives the five-year limitation to avoid revocation of his probation. *Id.*

Here, Hollon briefly argues that he did not knowingly and voluntarily agree to extend his probation. Counsel represented Hollon at the September 20, 2019, hearing. Having seen and agreed to the terms of the extension, he and his counsel signed the order. In exchange for Hollon's waiver of the five-year limitation, he avoided revocation of his probation. On this basis, the circuit court's extension of Hollon's probation was appropriate.

Based on the foregoing, the November 22, 2021, order of the Breathitt Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky