RENDERED: FEBRUARY 9, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0277-MR

DAVID WILLIAMS                                                          APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NOS. 18-CR-000417 AND 19-CR-001517


COMMONWEALTH OF KENTUCKY                                                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

COMBS, JUDGE: Appellant, David Williams (Williams), *pro se*, appeals from an

Order of the Jefferson Circuit Court denying his CR[1] 60.02 motion. After our

review, we affirm.

On September 19, 2019, the Jefferson Circuit Court entered a

combined Judgment sentencing Williams to an aggregate of ten years, probated for

---

[1] Kentucky Rules of Civil Procedure.

five years. On November 17, 2020, the Commonwealth filed a motion to revoke his probation. However, that motion was denied, and Williams was ordered to enroll in drug court. On December 7, 2021, the Commonwealth again moved to revoke Williams's probation, and that motion was granted by Order entered on September 29, 2022. Williams did not file a direct appeal from the Order revoking his probation.

Instead, acting *pro se*, he subsequently filed a motion "pursuant to the provisions of CR 60.02(a) through (f)" and any other applicable authority to vacate, set aside, or modify the judgment and sentence on several grounds.

In its response, the Commonwealth argued that the CR 60.02 motion was improper because the challenge to the revocation of probation should have brought by direct appeal, citing *Commonwealth v. Dulin*, 427 S.W.3d 170 (Ky. 2014). Williams raised several other arguments: that double jeopardy applied, that his plea was involuntary, that the court somehow changed his sentence, and that Probation and Parole failed to comply with statutory requirements. The Commonwealth argued that all of these other contentions lacked merit or specificity.

On December 27, 2022, the circuit court entered an Order denying Williams's motion as follows:

> The Court has reviewed his several pleadings filed in
> support of his motion as well as the Commonwealth's

cogent and concise response. For the reasons set out in that Response and consistent with *Commonwealth v. Andrews*, 448 S.W.3d 733 (Ky. 2014), the Court is unable to grant the motion.

WHEREFORE, the motion is DENIED. The motion to proceed *in forma pauperis* and for the appointment of counsel are denied as moot.

(Uppercase original.)

Williams subsequently filed additional motions for relief, which the circuit court denied by Order entered on February 23, 2023.

Williams, *pro se*, now appeals. Another panel of this Court determined that Williams sufficiently responded to a show cause order as to why the case should not be dismissed for failure to timely file a notice of appeal, allowing this appeal to proceed as timely. The case is now before us on the merits.

We have reviewed the record and find that the issues raised by Williams are wholly without merit. As did the trial court, we find the Commonwealth's argument to be sound.

The trial court properly followed the *Andrews* criteria in determining that revocation of probation was warranted under the circumstances. For the reasons set forth in the Commonwealth's brief and consistent with *Gross v. Commonwealth*, 648 S.W.2d 853 (Ky. 1983), we affirm.

ALL CONCUR.


BRIEFS FOR APPELLANT:

David W. Williams, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky