Timothy TYLER, Appellant,

v.

Vertner L. TAYLOR, Appellee.

No. 2002–CA–001771–MR.

Court of Appeals of Kentucky.

Nov. 26, 2003.

Rehearing Denied Feb. 6, 2004.

---

10. KRS 500.110 (emphasis added).

11. CR 43.01(1).

Timothy Tyler, Central City, pro se.

Rebecca Baylous, Department of Corrections, Frankfort, KY, for Appellee.

Before BAKER, KNOPF, and TACKETT, Judges.

*OPINION*

KNOPF, Judge.

Timothy Tyler appeals pro se from an order of the Lyon Circuit Court, entered June 28, 2002, dismissing his petition for declaratory and other relief against the Commissioner of the Department of Corrections. Tyler contends that the trial court erred when it found his petition barred by the statute of limitations. We disagree.

Tyler was convicted in 1999 of having used a minor in a sexual performance in violation of KRS 531.310. He was sentenced to five years' imprisonment and appealed his conviction. Tyler's offense renders him a "sex offender" as defined by KRS 197.410. Under KRS 197.045, a sex offender's parole eligibility and receipt of good-time credit is deferred until the offender successfully completes the Department's Sex Offender Treatment Program (SOTP). Desiring to avail himself of those benefits, Tyler applied for the SOTP soon after his incarceration, but in May 2000 he was told that he would not be admitted while his appeal was pending. The program's administrators apparently believe that the program will not benefit inmates who deny their offenses.

According to Tyler, he reapplied for the program at six-month intervals thereafter and was repeatedly denied admission. Finally, in December 2001, Tyler invoked the Department's grievance procedure. In due course, both Tyler's warden and the Commissioner of the Department upheld the decision denying Tyler a place in the SOTP. The Commissioner rendered his decision on January 16, 2002. On March 19, 2002, Tyler filed the present action in the Lyon Circuit Court. He sought a declaration, among other things, that the Department's refusal to admit him to the SOTP

during his appeal illegally burdened his constitutional right of access to the courts.

As noted above, the trial court did not reach the merits of Tyler's petition. It held that Tyler's claim was subject to the one-year limitations period provided by KRS 413.140 for personal-injury actions and that the claim had accrued in May 2000 when Tyler was first denied admission to the SOTP. Tyler's petition more than one year after that denial, the court ruled, was outside the limitations period and was thus barred. On appeal, Tyler contends that the trial court applied the wrong limitations period, misconceived when the cause of action accrued, and failed to make allowance for Tyler's pursuit of an administrative remedy.

■ In *Polsgrove v. Kentucky Bureau of Corrections*,[1] our Supreme Court held that a declaratory judgment action under KRS 418.040 *et seq.* was an appropriate avenue for inmates to bring their non-habeas disputes with the Department of Corrections before the courts. Our research has discovered no Kentucky case addressing the limitations period or periods applicable to such actions. However, as the appellee notes, Tyler has alleged the sort of constitutional tort that in actions under 42 U.S.C. § 1983 is subject to our one-year limitations period under KRS 413.140 for personal injury actions.[2] This is the limitations period the trial court

applied, and we agree that it is suitable. Not only is it consistent with federal law, but the one-year period, we believe, rather than the five-year period Tyler urges us to apply, achieves the proper balance, in the continually and rapidly changing prison context, between protecting valid claims and prohibiting stale ones.

■ Even if the limitations period is one year, Tyler contends that his petition was timely because he reapplied for the program several times and was again denied admission within one year of bringing suit. Each denial, he argues, restarted the limitations clock. We disagree. Because the circumstance leading to Tyler's initial rejection—his appeal of his conviction—did not change, his reapplications were essentially requests to reconsider the initial decision. That decision, therefore, remained the point at which Tyler's claim accrued.[3]

■ Finally, Tyler contends that his petition was timely because he filed it soon after exhausting his administrative appeal. We agree with Tyler that in general an inmate's pursuit of prison grievance procedures will toll the statute of limitations.[4] In this case, however, Tyler's limitations period expired in May 2001, but he did not initiate the grievance process until December 2001. Recourse to administrative remedies can not, of course, toll a limitations period that has already expired.[5]

---

1. Ky., 559 S.W.2d 736 (1977).

2. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Collard v. Kentucky Board of Nursing,* 896 F.2d 179 (6th Cir.1990).

3. *Cf. Vandiver v. Hardin County Board of Education,* 925 F.2d 927 (6th Cir.1991) (mere adherence to an initial decision does not convert that decision into a continuing violation).

4. *Cf. Brown v. Morgan,* 209 F.3d 595 (6th Cir.2000) (applying federal law). *And see*

KRS 454.415 (requiring exhaustion of prison remedies with respect to certain claims).

5. *Woods v. Young,* 53 Cal.3d 315, 279 Cal. Rptr. 613, 619, 807 P.2d 455 nt. 3 (1991) ("Tolling may be analogized to a clock that is stopped and then restarted. Whatever period of time that remained when the clock is stopped is available when the clock is restarted, that is when the tolling period has ended." No time remained when Tyler attempted to stop the clock.)

For these reasons, we affirm the June 28, 2002, order of the Lyon Circuit Court.

ALL CONCUR.