COMMONWEALTH of Kentucky,
Appellant

v.

David TAPP, Appellee

2014-SC-000607-DG

Supreme Court of Kentucky.

RENDERED: SEPTEMBER 22, 2016

COUNSEL FOR APPELLANT: Andy Beshear, Attorney General of Kentucky, Todd Dryden Ferguson, Assistant Attorney General

COUNSEL FOR APPELLEE: Samuel N. Potter, Department of Public Advocacy

## OPINION OF THE COURT BY JUSTICE KELLER

The circuit court revoked David Tapp's probation. On appeal, the Court of Appeals vacated the circuit court's order, and the Commonwealth appeals from that Court's opinion. With a critical difference in analysis and for the reasons set forth below, we affirm.

## I. BACKGROUND.

On January 6, 2012, Tapp entered a guilty plea to several drug offenses. On February 2, 2012, the court sentenced Tapp to one year in prison, probated for one year. The court conditioned Tapp's probation, in pertinent part, on Tapp remaining free of any additional criminal charges.

On January 16, 2013, Tapp's probation officer filed a "Violation of Supervision Report" indicating that Tapp had received traffic citations in August 2012 and November 2012 and asking the court to admonish Tapp. Before the court could act on this report, the probation officer filed a second report on January 25, 2013, noting that Tapp had again been cited for a traffic violation. The officer recommended that the court use its discretion in determining how to sanction Tapp. On January 28, 2013, the Commonwealth's Attorney filed a motion asking the court: to issue a criminal summons for Tapp; and to review Tapp's probation for possible revocation.[1] The court issued a bench warrant for Tapp's arrest and scheduled Tapp to appear at its next available docket, which was February 7, 2013. On February 7, 2013, Tapp appeared and requested a revocation hearing for the earliest possible date, which was February 12, 2013.

At the probation hearing, Tapp argued that the court lacked jurisdiction to hear the matter because his probationary period expired on February 2, 2013. The Commonwealth argued that the warrant issued by the court before February 2, 2013, tolled the expiration period. While Tapp did not dispute that a pending warrant

---

1. The Commonwealth mistakenly referred to diversion rather than probation in its motion, as did the probation report. However, it is undisputed that the court had probated rather than diverted Tapp's sentence.

could toll the probationary period, he argued that the warrant stopped tolling the probationary period after it was served on January 31, 2013. The court disagreed with Tapp, finding that a warrant remains pending until there "has been a disposition, following a hearing when required by statute, of the matter for which the warrant was issued initially." Having found that it retained jurisdiction, the court held an evidentiary hearing and revoked Tapp's probation. Tapp appealed to the Court of Appeals, which reversed, finding that the warrant had expired when served, thus depriving the court of jurisdiction. We granted the Commonwealth's motion for discretionary review.

## II. STANDARD OF REVIEW.

Because this matter turns on the interpretation of two statutes, our review is *de novo. Hearn v. Commonwealth*, 80 S.W.3d 432, 434 (Ky.2002).

## III. ANALYSIS.

■ The sole issue before us is whether Tapp's probationary period expired before the trial court held the revocation hearing. Kentucky Revised Statute (KRS) 533.020(4) provides, in pertinent part, that a period of probation expires and a defendant "shall be deemed finally discharged [from probation] provided no warrant issued by the court is pending against him." As noted above, the trial court determined that a warrant remains pending until there has been a disposition of the matter for which the warrant was issued. In this case, that would have been the conclusion of the revocation hearing.

We agree with the trial court that a warrant remains pending beyond the time of service. However, we disagree that it remains pending until disposition of the matter for which it was issued.

■ Pursuant to Kentucky Rule of Criminal Procedure (RCr) 2.06(1), a warrant has two objectives—arresting the defendant and bringing the defendant before the court. A warrant remains pending until both objectives have been met—the defendant has been arrested and the defendant has been brought before the court. Thus, the warrant in this case remained pending until Tapp was brought before the court, which occurred on February 7, 2013. Once Tapp made that court appearance, his warrant was no longer pending, and at that point the trial court no longer had the authority to revoke Tapp's probation, notwithstanding the analysis and proposed procedure we set forth below. As noted by the trial court, this interpretation of RCr 2.06(1) could, in a vacuum, lead to absurd results, because, as happened here, a warrant that is served near the end of the probationary period may well leave the court with no time to hold a revocation hearing. A number of our trial judges preside over multiple counties and work diligently to travel and cover dockets in those counties. Even with the best and most efficient time management on the part of the trial court, the aforementioned absurd result will inevitably occur.

However, KRS 533.020(4) provides a guard against such absurd results, stating, in pertinent part, that: "[T]he period of probation ... shall be fixed by the court and at any time may be extended or shortened by duly entered court order." The trial court read KRS 533.020(4) together with KRS 533.050(2) and concluded that it could not extend the period of Tapp's probation without a hearing. We understand how the court could read these statutes as it did. However, we disagree with the court's well-intentioned conclusion that it was required to hold a hearing before extending Tapp's probationary period for two reasons.

First, KRS 533.020(4) does not require a court to hold a hearing before extending the period of probation. Second, although KRS 533.050(2) requires the court to hold a hearing before modifying the conditions of probation, the length of the probationary period is not a statutorily defined condition of probation. "Conditions" of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure the defendant will lead a law-abiding life or to assist him to do so." KRS 533.030(1). Such conditions include the avoidance of certain persons and places, the requirement to obtain suitable employment and to support dependents, payment of costs and restitution, submitting to drug and alcohol testing, etc. KRS 533.030(2). Because the period of probation is not a condition of probation, KRS 533.050(2) does not mandate a hearing prior to extending it.

 However, a court cannot arbitrarily extend the probationary period. A probationer is entitled to due process protections, one of which is a "duly entered court order." KRS 533.020(4). In this instance, a duly entered court order is one supported by probable cause, which requires "facts and circumstances 'sufficient to warrant a prudent man in believing that the [probationer] had committed or was committing an offense.'" *Gerstein v. Pugh,* 420 U.S. 103, 111–12, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), *citing Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Furthermore, because such an extension is likely to occur without a hearing, due process demands that any extension be of limited duration. Therefore, the trial court may only extend the period of probation without a hearing until its next available criminal docket or as soon as practical thereafter.

Here, Tapp's probation was conditioned upon his remaining free of criminal charges. Tapp's probation and parole officer reported to the court that Tapp had been charged three times with driving on a suspended or revoked license. Those reports provided sufficient probable cause to support an extension of Tapp's probationary period until the court could hold a revocation hearing. Thus, if the trial court had extended Tapp's probationary period at his first post-arrest appearance on February 7, 2013, it would have retained jurisdiction to revoke his probation at the February 12, 2013 hearing. However, because the trial court understandably did not extend Tapp's probationary period at his first post-arrest appearance, the court lost that jurisdiction.

## IV. CONCLUSION.

██ The language of KRS 533.020(4) is clear: probation is automatically discharged upon completion of a probationary period unless it has been revoked or an arrest warrant is pending. If neither condition exists, the trial court loses jurisdiction both to revoke and to modify the conditions of probation. A warrant remains "pending" until the defendant is brought before the court at which time, given probable cause to do so, the court may extend the probationary period for a reasonable time until a revocation hearing can be held. Because Tapp's probationary period was not extended, the court lost jurisdiction to revoke his probation. However, this Opinion will give the necessary guidance to the next trial court faced with similar circumstances.

For the above stated reasons, the decision of the Court of Appeals is affirmed.

All sitting. Minton, C.J., Hughes, Keller and Noble, JJ., concur. Wright, J., dissents by separate opinion in which Cunningham and Venters, JJ., join.

WRIGHT, J., DISSENTING:

I respectfully dissent from the majority opinion. The majority holds that a warrant is pending until the defendant is brought before the court, but that said warrant is completed and terminates at that point. KRS 533.020(4) provides that "[u]pon completion of the probationary period, ... the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation ... has not been revoked." Thus, the statute has two provisions that must be completed before a defendant can be discharged from probation: first, the defendant must have no pending warrant, and second, the defendant's probation must not have been revoked.

Therefore, the first issue is whether Tapp's warrant was still pending when the trial court revoked his probation. The Court of Appeals ruled below that the warrant was no longer pending once Tapp was arrested. The majority's opinion sees the fallacy of that position and attempts to correct it by extending the period during which the warrant is pending through the time a defendant is brought before the court and coupling it with the trial court's authority to extend the probationary period until the revocation hearing can be held. However, this position fails to resolve many potential absurdities. The majority opinion states that "[e]ven with the best and most efficient time management on the part of the trial court, the aforementioned absurd result [ (that "a warrant that is served near the end of the probationary period may well leave the court with no time to hold a revocation hearing") ] will inevitably occur." I point out that "[w]hen a court construes statutory provisions, it must presume 'that the legislature did not intend an absurd result.' " Workforce Dev. Cabinet v. Gaines, 276 S.W.3d 789, 793 (Ky.2008) (quoting Commonwealth, Cent.

State Hosp. v. Gray, 880 S.W.2d 557 (Ky. 1994)).

The majority goes on to state that the absurd result could be avoided by the court extending probation until the revocation hearing can be conducted. This fails to consider that there are circumstances under which the court cannot extend the probationary period. The most obvious one is that the court cannot extend the probation beyond five years. KRS 533.020(4). This could lead to yet another absurd result: that a defendant who was arrested shortly before the expiration of his five-year period of probation could not be revoked, but a defendant who had been on the run for eleven years and whose probation would have expired six years prior could be revoked—just as this Court ruled in *Whitcomb v. Commonwealth*, 424 S.W.3d 417 (Ky.2014).

The Court of Appeals was led astray by the shorthand way of referring to an "arrest warrant" that assumes or implies that all it does is authorize the arrest of a person. Black's Law Dictionary (10th ed. 2014) defines "warrant" as "[a] writ directing or authorizing someone to do an act, esp. one directing a law enforcer to make an arrest, a search, or a seizure." Black's also defines "arrest" as "1. [a] seizure or forcible restraint, esp. by legal authority. 2. The taking or *keeping of a person in custody by legal authority,* esp. in response to a criminal charge." (Emphasis added.) Black's goes on to define "arrest warrant" as "[a] warrant issued by a disinterested magistrate after a showing of probable cause, directing a law enforcement officer to arrest and take the person into *custody.*" (Emphasis added.)

As the majority correctly pointed out, RCr 2.06(1) requires the arresting officer to bring the defendant before the court. The question we are faced with is whether the warrant is extinguished and no longer

pending once the defendant is brought before the court. RCr 2.06(1) also requires that the warrant "shall name or describe the offenses charged to have been committed . . . ,"—which obviously makes the charges a part of the warrant. RCr 2.06(3) states that "[i]f the offense charged is bailable, the judge issuing a warrant of arrest shall fix the amount of bail and type of security, if any, and endorse it on the warrant."

These criminal rules make it clear that what is commonly referred to as an "arrest warrant" is, in actuality, an "arrest and hold warrant" until the charges have been resolved. Both the charged offenses and the bail under which they could be released are both on the warrant. The defendant continues to be held in jail under the warrant or released on the bail established by the warrant until the charge is resolved. The court may modify the bail, but, since the court is not replacing the charges, this is a modification of the warrant rather than a termination of the warrant and its pendency.

The second condition of KRS 533.020(4) is that the defendant shall be deemed finally discharged upon completion of this probationary period if his probation has not been revoked. If read by itself, this provision seems to be nonsensical. Obviously, if probation is revoked prior to completion of the period of probation, then the defendant is not on probation once the original probationary period expires. If defendant is not probated at the time, why would there be a statute stating that he cannot be discharged? The two conditions of this statute must be read together. A pending warrant tolls the running of the probationary period until the court rules on whether there has been a violation and decides whether to revoke the probation. The only logical and reasonable interpretation of the two conditions of discharge set forth in this statute is that a warrant is pending until the court rules on whether the probation is revoked.

The tolling of the running of the period of probation is also set forth in the statute which deals with calculating periods of probation, KRS 533.040. Subsection (2) of that statute provides "[i]f a court, as authorized by law, determines that a defendant violated the conditions of his probation . . . but reinstates probation . . . , the period between the date of the violation and the date of restoration of probation . . . shall not be computed as a part of the period of probation . . . ." The statute makes it clear that if a court determines that the defendant has violated his probation, then the period of probation is tolled until the court rules upon the consequences of the violation. If the court reinstates probation, then the period of probation will begin upon the reinstatement. The statute fails to state what happens if the court revokes the probation. The reason for this is obvious when you analyze the title of the statute "[c]alculations of periods of probation . . . ." If the court revokes the defendant's probation, then he is no longer on probation and there is no need to calculate his period of probation.

The leading case on this area of the law is *Whitcomb*, 424 S.W.3d 417. In *Whitcomb*, the Court held that "Appellant's period of probation was tolled by the plain language of KRS 533.020(4)." This Court went on to rule that "we hold that the issuance of a warrant for a probation violation will toll the period of probation preventing the probationer from being automatically discharge pursuant to KRS 533.020(4)." In *Whitcomb*, the court did not order the probation extended, but held that the trial court had the authority to hold the revocation hearing and rule upon the issue six years after the probation would have expired. What is the difference

that would explain why the trial court could hold the revocation hearing six years after the probation would have expired in *Whitcomb,* yet in the current case be prohibited from conducting a revocation hearing mere days after the probation was scheduled to expire? As the majority points out, this is an absurd result. The above analysis makes it clear that such an absurd result is inconsistent with the statutes and the reasonable interpretation of them.

In the current case, Tapp was arrested on January 31, 2013, and the original period of probation would have expired on February 2, 2013. In *Whitcomb,* the defendant was arrested six years after the original ordered period of probation would have expired. The only difference between the cases is whether the warrant was still pending when the period of probation was scheduled to expire. The majority has ruled that Tapp's warrant was still pending until Tapp was brought before the court on February 7, 2013, five days after the probationary period was scheduled to expire. Since the warrant was still pending when Tapp's period of probation was scheduled to expire on February 2, 2013, the *Whitcomb* case would control and the court has the authority to conduct the revocation.

Under the majority's ruling, a defendant could violate the conditions of probation in such a horrendous manner that a court would rule to revoke the probation. If the defendant were arrested after the period of probation was scheduled to expire, the court would have the authority to rule. If the defendant were arrested shortly before the period of probation was scheduled to expire and the court was unable to extend the period of probation or conduct the revocation hearing before the expiration of the probation period, then the court would

lose the authority to rule. This is absurd, but—much worse—it is unjust.

For these reasons, I respectfully dissent from the majority's opinion.

Cunningham and Venters, JJ., join.