RENDERED: APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0703-MR

NATHAN BENTLEY                                                        APPELLANT

v.
APPEAL FROM LETCHER CIRCUIT COURT
HONORABLE JAMES W. CRAFT, II, JUDGE
ACTION NO. 09-CR-00203

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
VACATING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

GOODWINE, JUDGE: Nathan Bentley ("Bentley") appeals the Letcher Circuit

Court's order revoking his probation. After careful review, finding error, we

VACATE the Letcher Circuit Court's April 29, 2021 order.

In 2009, Bentley was indicted on charges of second-degree burglary,

kidnapping, wanton endangerment, and fourth-degree assault in No. 09-CR-00203.

In January 2011, the circuit court accepted Bentley's guilty plea and sentenced him to ten years probated for five years and $130 in court costs.

In July 2011, Bentley was arrested on other charges and was subsequently indicted under three separate indictments (Nos. 11-CR-00229, 11-CR-00230, and 12-CR-00117). On July 29, 2011, the Commonwealth moved to revoke Bentley's probation in No. 09-CR-00203. The circuit court set a probation revocation hearing for September 27, 2011. The parties dispute why the hearing did not occur at that time. The Commonwealth contends Bentley requested a continuance to work out "a package deal." Bentley contends nothing in the record supports the Commonwealth's contention. Bentley pled guilty to the three new indictments. The Commonwealth's Offer on a Plea of Guilty was entered on February 27, 2013, and the Judgment and Sentence – Plea of Guilty was entered on May 2, 2013. Bentley contends that even if his probation was tolled because he requested a continuance to work out a "package deal," that tolling stopped once the "package deal" was completed, *i.e.*, after the judgment(s) of conviction were entered on the pleas of guilty to the new charges.

On March 29, 2021, the circuit court entered an order setting a probation revocation hearing for April 14, 2021. Bentley filed a *pro se* motion to dismiss the action and discharge or terminate his term of probation. He stated prison authorities informed him they discovered his probation had never been

-2-

revoked in No. 09-CR-00203, and they contacted the prosecutor. This lead to the hearing being scheduled. The Commonwealth responded arguing Bentley admitted to the probation violations when he entered plea agreements on the three unrelated indictments. The Commonwealth further argued the sentence must run consecutively to the ten years of imprisonment for the unrelated charges in the three indictments.

On April 21, 2021, the circuit court held the probation revocation hearing. Bentley argued under *Kiser v. Commonwealth*, 829 S.W.2d 432 (Ky. App. 1992), the 90 days to revoke starts at the time the Commonwealth moved to revoke his probation, and if probation is not revoked during that period, it must run concurrent with the new charges. Additionally, he argued his probationary period expired in 2016, and no order was ever entered revoking his probation before it expired in this case or in his 2013 plea agreements. The Commonwealth argued the probation revocation hearing was continued at Bentley's request, so the 90-day period was tolled. The circuit court took the matter under advisement and stated it would review the record and enter an order accordingly.

On April 29, 2021, the circuit court entered an order revoking Bentley's probation. The court entered a form order and checked boxes finding Bentley guilty of the violations alleged, and that he "has shown a complete disregard of the conditions of his/her probation and poses a significant risk to prior

-3-

victims or the community at large and cannot be appropriately managed in the community. Accordingly, it would be futile to attempt other sanctions, therefore the Defendant is **REVOKED** and is to serve the sentence ordered in the Judgment." Record (R.) at 128-129. The circuit court also checked a box finding "Defendant shall be delivered to the custody of the Department of Corrections at such location within this Commonwealth as Corrections shall designate." R. at 129. This appeal followed.

On appeal, Bentley argues the circuit court erred in: (1) revoking his probation after the probationary period had expired; (2) ordering his sentence in this case to run consecutively with his subsequent sentences; (3) and failing to apply KRS 439.3106(1)(a). This matter involves interpretation of statutes and the decision to revoke Bentley's probation. We review matters of statutory interpretation *de novo*. *Commonwealth v. Tapp*, 497 S.W.3d 239, 241 (Ky. 2016) (citation omitted). "The appellate standard of review of a decision to revoke a defendant's probation is whether the trial court abused its discretion." *Blankenship v. Commonwealth*, 494 S.W.3d 506, 508 (Ky. App. 2015) (citation omitted).

First, Bentley argues the circuit court erred in revoking his probation after his probationary period had expired. Bentley asserts his probationary period expired in 2016, the circuit court never extended his probation, and the order revoking his probation was entered in 2021. KRS 533.020(4) provides in pertinent

part: "Upon completion of the probationary period, . . . the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation, probation with an alternative sentence, or conditional discharge has not been revoked." In *Commonwealth v. Tapp*, the Supreme Court of Kentucky held:

> The language of KRS 533.020(4) is clear: probation is automatically discharged upon completion of a probationary period unless it has been revoked or an arrest warrant is pending. If neither condition exists, the trial court loses jurisdiction both to revoke and to modify the conditions of probation. A warrant remains "pending" until the defendant is brought before the court at which time, given probable cause to do so, the court may extend the probationary period for a reasonable time until a revocation hearing can be held.

497 S.W.3d at 242. Under *Tapp*, the circuit court lost jurisdiction to revoke Bentley's probation when his probationary period expired in 2016. Thus, the circuit court erred in entering the order revoking Bentley's probation after it had expired. Therefore, the April 29, 2021 order is hereby VACATED.

Bentley's No. 09-CR-00203 probation expired January 6, 2016, five years after entry of his January 6, 2011 judgement of conviction. Bentley argues the circuit court erred in ordering his sentence in this case to run consecutively with his subsequent cases. The Commonwealth contends Bentley waived the 90-day period by asking for a continuance of the September 27, 2011 probation revocation hearing. There is no evidence of this in the record aside from the

Commonwealth's assertion, and the Commonwealth cites no law in support of this contention. However, Bentley and the Commonwealth are wrong.

Although it lacked jurisdiction, the circuit court revoked Bentley's probation more than 90 days after the motion to revoke was filed. "KRS 533.020(1) provides that a probated sentence may be revoked 'at any time' prior to the expiration or termination of the period of probation." *Sutherland v. Commonwealth*, 910 S.W.2d 235, 236 (Ky. 1995). KRS 533.040(3) "provides that any revocation of probation (which occurs outside of the 90-day period) is to be run concurrently with any other offense." *Sutherland*, 910 S.W.2d at 237. However, KRS 533.060 takes precedence over the 90-day requirement of KRS 533.040(3). KRS 533.060 forbids concurrent sentencing if a defendant commits additional felonies while on probation from a previous felony. Bentley relies on *Kiser*, 829 S.W.2d 432. *Kiser* was issued by another panel of this Court in 1992. Since then the Kentucky Supreme Court has issued at least five opinions clarifying the conflict between these two statutes.[1]

---

[1] *Brewer v. Commonwealth*, 922 S.W.2d 380, 381-82 (Ky. 1996) (holding that the provision in KRS 533.060(2), which forbids concurrent sentences for subsequent felonies, controlled over the 90-day limitation contained in KRS 533.040(3)); *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011) (reaffirmed its ruling in *Brewer* holding that KRS 533.040(3) does not apply when a Kentucky state court probationer incurs a new Kentucky state court felony sentence while on probation . . .); *Commonwealth v. Wright*, 415 S.W.3d 606, 608 (Ky. 2013) (holding that the trial court will lose jurisdiction to revoke if the probationary period is not extended prior to the expiration of the probation); *Tapp*, 497 S.W.3d at 242 (holding that under KRS 533.020, probation is discharged upon completion of the probationary period unless it has been revoked or an arrest warrant is pending. If neither condition exists, the trial court has no jurisdiction to

-6-

Finally, Bentley argues the circuit court erred in failing to address the criteria of KRS 439.3106(1). In *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019) the Supreme Court of Kentucky addressed required findings under the statute:

> We acknowledge that "perfunctorily reciting the statutory language in KRS 439.3106 is not enough." *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015). Rather, "[t]here must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met." *Id.*
>
> . . . Although not explicitly discussed in either *Alleman* or *Andrews*, implicit in their holdings is the notion that we look to both the written and oral findings in conjunction with one another and not separately in a vacuum. Therefore, we must look at the trial court's findings – both in open court and in its written order – to determine whether KRS 439.3106(1) and due process requirements were met.

Here, the circuit court checked a box on a form order which essentially quotes the two requirements under KRS 439.3106(1). However, the circuit court did not make any oral findings on the record or any further findings in the written order. Although there was no dispute Bentley violated his probation, the circuit court failed to make factual findings explaining how Bentley's violation

revoke probation); and most recently, in *Commonwealth v. Collinsworth*, 628 S.W.3d 82, 85-88 (Ky. 2021) (holding that the fact that the probation revocation hearing was not conducted within 90 days does not override the consecutive sentencing requirement of KRS 533.060).

"constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community[.]" KRS 439.3106(1)(a). Thus, the circuit court erred in merely citing the perfunctory language of the statute. Because Bentley's probationary period expired and the order revoking is VACATED, the circuit court need not correct the error in the April 29, 2021 order, but is cautioned to make the requisite factual findings in the future explaining how a defendant's violation "constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community[.]" KRS 439.3106(1)(a).

For the foregoing reasons, we VACATE the April 29, 2021 order of the Letcher Circuit Court revoking Bentley's probation. Said probation expired on January 6, 2016. At that time, Bentley began serving his ten-year sentence for indictments Nos. 11-CR-00229, 11-CR-00230, and 12-CR-00117.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Roy Alyette Durham, II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky