RENDERED: APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1513-MR

DARRYL ELLERY                                                                 APPELLANT

v.                    APPEAL FROM JEFFERSON CIRCUIT COURT
                      HONORABLE AUDRA J. ECKERLE, JUDGE
                              ACTION NO. 15-CR-000832

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CALDWELL AND JONES, JUDGES.

CALDWELL, JUDGE: Darryl Ellery appeals from the Jefferson Circuit Court's
order revoking probation. He alleges that the probationary period expired before
the trial court's revocation and thus the court no longer maintained jurisdiction
over the matter at the time it entered the revocation order. We agree.

**FACTS**

On April 12, 2016, Ellery entered a guilty plea to one count of assault in the second degree. He was sentenced to a term of imprisonment of five years, probated for five years on June 2, 2016, by the Jefferson Circuit Court. As a part of that sentence, Ellery was to pay restitution of $305.14, in monthly payments of $23.75, Ellery having requested to pay restitution in no more than $25 installments. The trial court noted on the record that, given its *de minimis* amount, the total amount of restitution should easily be paid within the five-year term of probation but informed Ellery that he would be on probation until the restitution was paid in full. A separate restitution order, incorporated by reference into the final judgment, contained language that the period of probation would be "5 years or until restitution is paid in full."

On January 23, 2017, the trial court found probable cause for the issuance of an arrest warrant for Ellery's failure to remain compliant with the terms of his probation. The allegation of non-compliance was that Ellery had failed to report to his probation officer as instructed and had failed to avail himself of drug counseling services as directed.

The warrant was not served until October 28, 2021. A revocation hearing was scheduled for November 15, 2021, and at that time both Ellery and the Commonwealth appeared, and both requested a continuance.

On November 22, 2021, the parties again appeared for a hearing. Ellery's counsel argued that the court had lost jurisdiction over the matter when the original five-year probationary period had expired in June of 2021, and the Commonwealth expressed agreement with that position. The court disagreed, holding that the issuance of the warrant within the five-year period of probation acted to continue jurisdiction, without any further action on the part of the court required. Ellery appeals that determination. We reverse the trial court.

## STANDARD OF REVIEW

The seminal and determinative issue in this case concerns whether the issuance of the warrant acted to extend the jurisdiction of the court and, if so, when that extended jurisdiction ended. "Thus[], the true issue before this Court is whether the issuance of an arrest warrant tolls the defendant's probationary period so as to prevent the automatic discharge enumerated in Kentucky Revised Statute (KRS) 533.020(4) from applying. This inquiry is a matter of statutory interpretation, which we review *de novo*." *Whitcomb v. Commonwealth*, 424 S.W.3d 417, 419 (Ky. 2014) (citing *Artrip v. Noe*, 311 S.W.3d 229, 231 (Ky. 2010)).

## ANALYSIS

Ellery argues that despite his failure to comply with the court's order imposing restitution when it granted him probation rather than incarceration, the

-3-

court was without authority to revoke the grant of probation for that failure because five (5) years had elapsed between the imposition of probation and the court's determination to revoke.

Ellery argues that though a warrant for his arrest was issued approximately six (6) months following the grant of probation, that warrant did not act to toll the five (5) year probation period. He argues that the trial court should have entered an order extending the probation at his first appearance following the issuance of the warrant, because without doing so, his probation had ended per the terms of the order imposing the probation.

Further, Ellery argues that the language in the original order stating that the period of probation would necessarily be extended past five (5) years should any restitution remain to be paid was void as there was no finding additional time was a necessity. Rather, Ellery argues, at the time of imposition, the trial court noted the small amount of the restitution ordered and stated that Ellery should have no problem paying off the amount within five (5) years, expressly finding extension was *not* necessary.

Ellery insists that as the trial court did not (1) duly enter an order extending the probation at his first appearance following execution of the warrant or (2) include language in the original order indicating that additional time may be

necessary for completion of the payments of restitution. Therefore, the court was without jurisdiction to revoke probation at the time it purported to do so.

The Commonwealth responds first that the language in the original order extending probation until the restitution was satisfied was effective, despite the lack of a finding of necessity. Further, the Commonwealth forwards, the "fugitive tolling doctrine," an equitable theory of federal law and procedure, vitiates against finding that Ellery's probation ended when the warrant was executed, and the trial court did not extend by duly entered order the term of probation. The Commonwealth argues that the application of this doctrine extends the tolling, which began with the issuance of the warrant through the first appearance following its execution, despite the lack of a duly entered order at Ellery's first appearance specifically extending the probation until the revocation hearing could be held.

Thus, the question we must decide is whether the trial court retained jurisdiction by virtue of the language requiring satisfaction of restitution before discharge of probation in the original order. And, if not, whether it lost jurisdiction when it granted the short continuance requested by both parties without specifically entering an order extending the probation until the hearing the trial court scheduled for a week later.

### A. *Effectiveness of the language in the original order*

The Commonwealth argues that the original order granting probation entered by the trial court in 2016 extended the period of probation past five years because of the incorporation by reference to the restitution order which stated the term of probation was five years or "until restitution paid in full." Ellery responds that because the trial court did not specifically find that extension of the term was "necessary" it was not effective. We agree with Ellery.

KRS 533.020(4) requires sentencing courts to set a fixed term of probation and grants them the authority to extend the initial term beyond a maximum term of five (5) years upon a finding the extension is necessary.

> (4) The period of probation, probation with an alternative sentence, or conditional discharge shall be fixed by the court and at any time may be extended or shortened by duly entered court order or as modified by the Department of Corrections through the application of probation program credits under KRS 439.268. Such period, with extensions thereof, shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony nor two (2) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a misdemeanor. Upon completion of the probationary period, probation with an alternative sentence, or the period of conditional discharge, the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation, probation with an alternative sentence, or conditional discharge has not been revoked.

*Id.*

Thus, in order for a term of probation to be longer than five (5) years, there must be a finding that more time is "necessary to complete restitution." Language indicating that additional time may be necessary to complete the payment of restitution must be included in the order. Our Supreme Court has indicated that the finding of necessity is required.

> [I]t is an essential element of the text that an extension of time beyond five years is permissible only when the additional time is "*necessary* to complete restitution." KRS 533.020(4) (emphasis added). By implication, a determination of necessity is a prerequisite to any extension beyond five years. Because such a factual determination falls uniquely within the trial court's purview, it follows that the phrase anticipates that the determination of whether additional time beyond five years period is *necessary* must be addressed by the trial court as a factual finding either (1) when it initially fixes probation at the time of the final judgment, or (2) later, if it becomes *necessary* to extend the probationary period in order to assure that the defendant's restitution obligation is satisfied.

*Commonwealth v. Wright*, 415 S.W.3d 606, 611 (Ky. 2013). Thus, such finding could be made at imposition of probation if, for example, the amount of restitution was quite large, with an express indication that more than five (5) years would be required to pay off a large amount.[1]

---

[1] We also note that occasions arise in which the trial court can easily anticipate, even before fixing the period of probation, that restitution cannot be fully paid within the five-year period provided by the statute. For example, if the amount of restitution is very great in comparison to the defendant's financial resources, it

However, here, the trial court specifically remarked that the $305 should easily be paid within five years, and the monthly amount ordered that Ellery pay toward the restitution would require approximately one year's worth of payments for satisfaction of the amount. The court specifically found that it was *not* "necessary" that Ellery would need more than five years in which to satisfy the restitution order. Without a finding that additional time to complete the payment of restitution was or may be necessary, the term of the probation was limited to five (5) years per both the clear language of the order and the statute.

### B. Court's jurisdiction

We must now analyze whether the court retained jurisdiction past the execution of the warrant. Indisputably the court retained jurisdiction over the matter while the warrant went unserved because the warrant itself was issued during the probationary period; if the court had lost jurisdiction, it would not have had the authority to issue the warrant.

A sentence of probation only naturally ends at the end of the term when it has not been previously revoked and when there is no outstanding warrant for the probationer's arrest.

---

may be apparent at the time of sentencing that more than five years will be necessary to complete restitution.

*Id.* at 611. *See also Commonwealth v. Adams*, 566 S.W.3d 225, 232 (Ky. App. 2018).

The plain language of KRS 533.020(4) is clear. For a probationer to be "finally discharged" from probation, two condition precedents must be satisfied. First, there can be no pending warrant against the probationer. Secondly, the probation must not have been previously revoked. If one of these two conditions exists, then the probation will not automatically discharge by operation of law. Indeed, this Court very recently stated that the presence of either an active warrant or the previous revocation of one's probation will foreclose the probationer from being discharged and the period of probation will remain open.

*Whitcomb*, 424 S.W.3d at 419. As there was an unserved warrant, issued during the term of probation when the court continued to have jurisdiction over the matter on January 23, 2017, the court retained jurisdiction even though the warrant went unexecuted on the fifth anniversary of the imposition of probation, or June 2, 2021.

Therefore, although Appellant's probationary period was to end on February 11, 2005, the period was tolled once the trial court issued a warrant for her arrest on March 20, 2000. Moreover, the warrant was active and pending upon her arrest on February 10, 2011. Consequently, Appellant failed to meet the requirements of KRS 533.020(4), thereby precluding an automatic discharge of her probation. Given that Appellant's probationary period was still open, the trial court retained jurisdiction to conduct a revocation hearing.

*Id.* at 419-20.

The final question to be determined, then, is whether the trial court lost jurisdiction when it did not enter an order specifically continuing probation at Ellery's first appearance following his arrest on the warrant. It matters not, in this

-9-

case, whether that first appearance was on October 29, 2021, when there does not appear to be an appearance before the court but simply entrance of an order setting the matter for the court's docket or on November 15, 2021, when the court ordered the parties to appear. The fact remains there is simply zero indication in the record before us that the trial court ever extended the probation by duly entered order once the arrest warrant was executed.

A trial court has the authority to enter an order extending probation until the court can hold a revocation hearing without holding a hearing first.

> First, KRS 533.020(4) does not require a court to hold a hearing before extending the period of probation. Second, although KRS 533.050(2) requires the court to hold a hearing before modifying the conditions of probation, the length of the probationary period is not a statutorily defined condition of probation. "Conditions" of probation "shall be such as the court, in its discretion, deems reasonably necessary to insure the defendant will lead a law-abiding life or to assist him to do so." KRS 533.030(1). Such conditions include the avoidance of certain persons and places, the requirement to obtain suitable employment and to support dependents, payment of costs and restitution, submitting to drug and alcohol testing, etc. KRS 533.030(2). Because the period of probation is not a condition of probation, KRS 533.050(2) does not mandate a hearing prior to extending it.

*Commonwealth v. Tapp*, 497 S.W.3d 239, 241 (Ky. 2016). A hearing is not necessary to extend the probation past the execution of the warrant, but per the clear language of the statute, a duly entered order must be entered. The trial court

-10-

entered no such written order after the warrant was served on Ellery, either in writing or orally, at the November 15, 2021, appearance of Ellery before the court. KRS 533.020(4) ("The period of probation, probation with an alternative sentence, or conditional discharge shall be fixed by the court and at any time may be extended or shortened by duly entered court order . . . .").

Apparently recognizing that the trial court here lost jurisdiction when it did not enter an order continuing probation until the revocation hearing, the Commonwealth entreats us to apply the "fugitive tolling doctrine." The fugitive tolling doctrine is applied by federal courts interpreting federal law so as not to allow a fugitive to benefit from his non-compliance and extends the original period of supervision for the length of time that the fugitive probationer was non-compliant. Because a sentencing court determines the appropriate length of supervision needed by the probationer, the doctrine extends the supervision by the amount of time the probationer was off supervision due to his noncompliance, theorizing that the probationer was not actually being supervised during the time of noncompliance.

While we may agree that the doctrine forwards a compelling public policy, this Court cannot ignore the Kentucky Constitution's prohibition against the usurpation of the powers of another branch – here, the legislative branch – which crafted and enacted the statutes at play here. The Kentucky Constitution

expressly articulates what is commonly considered "separation of powers"[2] and Kentucky arguably has amongst the most vibrant separation of powers clauses contained in a constitution, and is clearly more robust than anything found in the United States Constitution.

> Perhaps no state forming a part of the national government of the United States has a Constitution whose language more emphatically separates and perpetuates what might be termed the American tripod form of government than does our Constitution, which history tells us came from the pen of the great declaimer of American independence, Thomas Jefferson, when delegates from Kentucky, just after it was admitted to the Union, waited upon him, and he penned for them the substance of what is now section 28, *supra*, of our Constitution, containing an affirmative prohibition against one department exercising powers properly belonging to the others, and which without it contained only the negative prohibition found in section 27 of that instrument, and which was the extent of the separation of the powers found in the federal Constitution and in those of a number of the states composing the confederated Union at that time.

*Sibert v. Garrett*, 197 Ky. 17, 246 S.W. 455, 457 (1922).

Not only do we find that our state Constitution forbids us from adopting the fugitive tolling doctrine, as our General Assembly has clearly opted not to include such in the statutes related to probation and supervision by the judicial branch. But we also cannot do so as our Supreme Court did not do so in

---

[2] KY. CONST. §§ 27, 28.

the *Tapp* case. "The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court." Kentucky Supreme Court Rules (SCR) 1.030(8)(a).

In *Tapp*, the probationer was sentenced to one year of incarceration, probated for one year, on February 2, 2012. Several violation of supervision reports were filed and a warrant for Tapp's arrest was issued on January 28, 2013, and served on him on January 31, 2013. He appeared before the court on February 7, 2013, and requested the earliest possible date for a revocation hearing, which was set for February 12, 2013. Tapp argued at that February 12 hearing that the court had lost jurisdiction and the court disagreed, essentially holding that the warrant extended the probation until disposition, as did the trial court in the present case. On discretionary review of this Court's decision finding that the court lost jurisdiction over Tapp when it did not enter an order at his February 7, 2013, appearance following execution of the warrant, the Kentucky Supreme Court held:

> Thus, if the trial court had extended Tapp's probationary period at his first post-arrest appearance on February 7, 2013, it would have retained jurisdiction to revoke his probation at the February 12, 2013, hearing. However, because the trial court understandably did not extend Tapp's probationary period at his first post-arrest appearance, the court lost that jurisdiction.

*Tapp*, 497 S.W.3d at 242.

-13-

We must find that the trial court lost jurisdiction when the parties appeared before it on November 15, 2021, and it failed to expressly extend Ellery's probation until the revocation hearing could be held. This result is not satisfying, and we agree with the trial court that it seems that Ellery is being rewarded for his non-compliance, but the statutes and the precedent set by the Kentucky Supreme Court compels this result.

## CONCLUSION

We hold that the trial court retained jurisdiction over Ellery only until his appearance before it on November 15, 2021. When the court did not enter an order extending his probation until the probation revocation hearing, it lost jurisdiction over Ellery. The language in the original restitution order which attempted to extend probation past five years if the restitution was not paid within that period was not effective because there was no finding of necessity, as required by statute.

The case law is clear, and we are bound by it.

> The language of KRS 533.020(4) is clear: probation is automatically discharged upon completion of a probationary period unless it has been revoked or an arrest warrant is pending. If neither condition exists, the trial court loses jurisdiction both to revoke and to modify the conditions of probation. A warrant remains "pending" until the defendant is brought before the court at which time, given probable cause to do so, the court may extend the probationary period for a reasonable time until a revocation hearing can be held. Because Tapp's

-14-

probationary period was not extended, the court lost jurisdiction to revoke his probation. However, this Opinion will give the necessary guidance to the next trial court faced with similar circumstances.

*Id.* The Jefferson Circuit Court is reversed, and this matter is remanded for proceedings consistent with this Opinion.

THOMPSON, CHIEF JUDGE, CONCURS.

JONES, JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:

Kate Hatheway
Louisville, Kentucky

REPLY BRIEF FOR APPELLANT:

William Ellis Sharp
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky