RENDERED: APRIL 24, 2025
TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0228-DG

COMMONWEALTH OF KENTUCKY                                        APPELLANT

V.
ON REVIEW FROM THE COURT OF APPEALS
NO. 2021-CA-1513
JEFFERSON CIRCUIT COURT NO. 15-CR-000832

DARRYL ELLERY                                                  APPELLEE

**OPINION OF THE COURT BY JUSTICE GOODWINE**

**<u>AFFIRMING</u>**

This matter comes before the Court for review of the Court of Appeals' opinion holding that the Jefferson Circuit Court lost jurisdiction over Darryl Ellery's ("Ellery") case when his probationary period expired, and the circuit court failed to enter an order extending his probation at his first court appearance after the execution of an arrest warrant. Based on our review, we affirm the Court of Appeals.

## I.   BACKGROUND

On April 12, 2016, Ellery pled guilty to one count of first-degree assault. On June 2, 2016, the circuit court sentenced him to five years in prison, probated for five years.  The court entered a separate restitution order allowing Ellery to pay the restitution amount of $305.14 at $25 monthly. The circuit court noted that the restitution should be easily payable within the five-year

probationary period, thus not necessitating specific language to extend it until restitution was paid. *Commonwealth v. Wright*, 415 S.W.3d 606, 611 (Ky. 2013). During oral argument, neither party could state whether restitution had been paid.[1]

On January 18, 2017, a probation officer filed a report recommending the circuit court revoke Ellery's probation because Ellery absconded. On January 23, 2017, the circuit court found probable cause to believe Ellery violated the terms of his probation and issued an arrest warrant. The warrant was served on October 28, 2021. Both parties appeared for a revocation hearing on November 15, 2021, and requested a continuance. The circuit court granted the continuance but did not expressly extend Ellery's probation.

The parties reappeared for a revocation hearing on November 22, 2021. Ellery argued that the circuit court could not revoke his probation because it lost jurisdiction when his probationary period expired in June 2021 without it being expressly extended at his first appearance on November 15, 2021. The Commonwealth agreed with Ellery's position at the hearing. The circuit court rejected this argument and found that the issuance of the warrant within the five-year period continued jurisdiction without any further action by the court. Thus, the court revoked Ellery's probation and remanded him to the custody of the Department of Corrections to serve his five-year sentence.

---

[1] If Ellery paid his restitution per the order, his total restitution would have been paid in 13 months.

Ellery appealed. The Court of Appeals held that "the trial court lost jurisdiction when the parties appeared before it on November 15, 2021, and it failed to expressly extend Ellery's probation until the revocation hearing could be held."[2] *Ellery v. Commonwealth*, 2021-CA-1513-MR, 2023 WL 3028512, at *6 (Ky. App. Apr. 21, 2023). Additionally, the Court of Appeals rejected the Commonwealth's argument for adopting the fugitive tolling doctrine because doing so would violate the separation of powers clause in the Kentucky Constitution, the General Assembly has not enacted such a statute, and this Court chose not to adopt it in *Commonwealth v. Tapp*, 497 S.W.3d 239, 241 (Ky. 2016). *Id.*

This Court granted discretionary review,[3] and heard oral arguments.

## STANDARD OF REVIEW

As the questions presented are purely matters of law, we review *de novo*. *Tapp*, 497 S.W.3d at 241.

## II. ANALYSIS

On appeal, the Commonwealth urges this Court to reinstate the circuit court's order revoking Ellery's probation. It argues the court maintained

---

[2] Ellery argued to the Court of Appeals that the circuit court lost jurisdiction because it failed to (1) enter an order extending probation at his first appearance following execution of the warrant or (2) include language in the original probation order indicating additional time may be necessary for completion of the payments of restitution. Neither party argued about the restitution language in the original order on discretionary review. So, our analysis is limited to the lack of an order extending probation after Ellery's arrest for the probation violation.

[3] Ellery was paroled during the pendency of his direct appeal. Ellery completed his sentence and was finally discharged on October 27, 2023, nine days after this Court granted discretionary review.

3

jurisdiction over the case because the outstanding warrant tolled Ellery's probation period. In support of this argument, the Commonwealth contends that this Court should (1) adopt the fugitive tolling doctrine or (2) reconsider our interpretation of KRS[4] 533.020(4).

In response, Ellery argues: (1) the appeal is moot because he completed his sentence after his probation was revoked; (2) only the General Assembly has the authority to adopt the fugitive tolling doctrine; and (3) this Court should not overrule or modify *Tapp*'s interpretation of KRS 533.020(4).

First, we address Ellery's argument that this appeal is moot because he completed his sentence after his probation was revoked. "We have long held that a matter is moot when a party 'seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy.'" *Commonwealth v. Collinsworth*, 628 S.W.3d 82, 85-86 (Ky. 2021) (quoting *Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014)). Because Ellery served out his sentence after the circuit court revoked his probation, the outcome of this appeal is immaterial to Ellery. However, we will consider whether the Commonwealth's appeal falls under an exception to the mootness doctrine.

There are two exceptions to the mootness doctrine: (1) for issues that are "capable of repetition, yet evading review" and (2) matters of "public interest." *Id.* at 86-87. The "capable of repetition, yet evading review" exception does not

---

[4] Kentucky Revised Statutes.

4

apply. *Id.* at 86. This Court has not used the "capable of repetition" exception in matters where the controversy "expired before it could be fully litigated, [but] there [was] every reason to expect that other cases raising the same questions . . . be fully litigated." *Id.* (quoting *Morgan*, 441 S.W.3d at 100-01).

In *Collinsworth*, this Court declined to apply a "capable of repetition" exception in a probation revocation case because "a meaningful difference exists between issues whose shelf life may be measured in days and those which are most often measured in months and years." *Id.* at 86. Because felonies "carry stiff penalties and significant periods of incarceration, we can reasonably expect that future litigants will have an opportunity to bring this matter to the Court's attention in a live controversy." *Id.* Thus, this case does not meet the "capable of repetition, yet evading review" standard. *Id.* at 86-87.

However, the "public interest" exception to the mootness doctrine applies. *Id.* at 87. For the "public interest" exception to apply, three factors must be present: "(1) a question involving a public nature; (2) a need for an authoritative determination for the future guidance of public officers; and (3) a likelihood of future reoccurrence of the question." *Id.* (quoting *Morgan*, 441 S.W.3d at 102). As in *Collinsworth*, "[w]e are satisfied that the first and third elements are met in this case because KRS 533.040(3) and KRS 533.060(2) concerns loss of freedom, often for a significant period of time, and directly implicates the Commonwealth's relationship to its citizens." *Id.* (citations omitted). Regarding the second element, "[w]e must be vigilant and use our discretion only when a demonstrated need justifies a ruling from this Court.

5

Otherwise, the public interest exception would be so broad as to virtually eliminate the notion of mootness." *Id.* (citation and internal quotation marks omitted). Thus, we reserve this exception for review of "matters of first impression." *Id.* As there is no opinion of this Court addressing the application of the fugitive tolling doctrine, this is a matter of first impression that calls for an authoritative determination for the future guidance of Commonwealth's Attorneys. Thus, the public interest exception applies, so we review the Commonwealth's arguments.

The resolution of this appeal hinges on whether the issuance of the arrest warrant tolled Ellery's probationary period. The Commonwealth asks this Court to adopt the fugitive-tolling doctrine or reconsider our interpretation of KRS 533.020(4). The fugitive tolling doctrine "provides that a term of supervised release is tolled when a defendant absconds from supervision."[5] *United States v. Thompson*, 924 F.3d 122, 128 (4th Cir. 2019) (citation and internal quotation marks omitted).

---

[5] The fugitive tolling doctrine has not been widely adopted. There is a circuit split as it has only been adopted by the "Second, Third, Fourth, [Fifth] and Ninth Circuits." *United States v. Cartagena-Lopez*, 979 F.3d 356, 359 (5th Cir. 2020). Additionally, few states recognize it. *Alexander v. United States*, 116 A.3d 444, 447 (D.C. 2015) (citing cases from South Carolina, Florida, and Ohio that held tolling commences when defendant absconds); *Schwartz v. State*, 815, SEPT.TERM, 2017, 2020 WL 91029, at *5 (Md. Ct. Spec. App. Jan. 7, 2020) (holding Maryland courts can toll the probationary period when a defendant absconds).

Under KRS 533.020(4), a probationary period can only be "extended . . . by [a] duly entered court order."  This Court interpreted the language of KRS 533.020(4) in *Commonwealth v. Tapp*, 497 S.W.3d at 242.  This Court held:

> The language of KRS 533.020(4) is clear:  probation is automatically discharged upon completion of a probationary period unless it has been revoked or an arrest warrant is pending.  If neither condition exists, the trial court loses jurisdiction both to revoke and to modify the conditions of probation. A warrant remains "pending" until the defendant is brought before the court, at which time, given probable cause to do so, the court may extend the probationary period for a reasonable time until a revocation hearing can be held. Because Tapp's probationary period was not extended, the court lost jurisdiction to revoke his probation.

*Id.*

Adopting the fugitive tolling doctrine at the Commonwealth's request would be in direct contravention of KRS 533.020(4) and our standing interpretation of that statute because it requires extending the probationary period indefinitely without a "duly entered court order" as required by KRS 533.020(4).

This Court also lacks the authority to adopt the fugitive tolling doctrine under the separation of powers doctrine, which "precludes each of the three branches of government from encroaching upon the domain of the other two branches." *Wilfong v. Commonwealth,* 175 S.W.3d 84, 91 (Ky. App. 2004).  This doctrine is enshrined in the Kentucky Constitution:  "Section 27 . . . creates three distinct branches of government and Section 28 precludes one branch from exercising any power properly belonging to either of the other two branches." *Id.*  As such, "[t]he legislature is vested with the power to prescribe

7

punishment for crimes and the judiciary's role is to impose sentences within the statutory limits prescribed by the legislature." *Id.* at 92 (footnote omitted). Since *Tapp*, the General Assembly has not enacted a fugitive tolling statute or amended the language of KRS 533.020(4). Legislative intent remains clear. The express language of KRS 533.020(4) still requires a duly entered order to extend the probationary period after an arrest warrant is served.

Alternatively, the Commonwealth argues that this Court should change its interpretation of KRS 533.020(4) by adopting the interpretation espoused by the three-justice dissent in *Tapp*. According to the dissent's interpretation, "[a] pending warrant tolls the running of the probationary period until the court rules on whether there has been a violation and decides whether to revoke the probation." *Tapp*, 497 S.W.3d 244 (Wright, J., dissenting).

The Commonwealth notes that the dissent does not expound on the limits of a circuit court's ability to extend probationary periods within the confines of KRS 533.020(4). Hence, the Commonwealth urges this Court to read in the language of a comparable federal statute that contains language not included in KRS 533.020(4). The Commonwealth argues, under 18 U.S.C. § 3583(i), we should allow the probationary period to extend "beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued [based on] an allegation of such a violation."

Ellery points out that the need to add language not part of KRS 533.020(4) belies the Commonwealth's argument. "Our constitutional authority is to ascertain the meaning of the statute, based not upon what the legislature may have intended to say, but upon the meaning of what it did say." *Pennyrile Allied Community Services, Inc. v. Rogers*, 459 S.W.3d 339, 344 (Ky. 2015). Furthermore, we heed the doctrine of *stare decisis,* which "ensure[s] that the law will not merely change erratically[.]" *Chestnut v. Commonwealth*, 250 S.W.3d 288, 295 (Ky. 2008)(citation omitted). Thus, we decline to legislate from the bench and reaffirm our holding in *Tapp.*

Based on our analysis, the circuit court erred in revoking Ellery's probation under *Tapp.* Here, Ellery's probationary period was set to expire in June 2021 automatically. However, because there was a pending arrest warrant, Ellery's probation was automatically extended until his first appearance for a revocation hearing on November 15, 2021, under KRS 533.020(4) and our holding in *Whitcomb v. Commonwealth,* 424 S.W.3d 417, 419 (Ky. 2014). At that court appearance, the circuit court granted a continuance but failed to enter an order extending Ellery's probation until the next hearing set for November 22, 2021. Because the circuit court did not enter an order extending Ellery's probation under KRS 533.020(4), the Court of Appeals correctly held that the circuit court lost jurisdiction to revoke his probation.

Though we do not wish to reward probationers who abscond and avoid arrest for probation violations for several years, due process and our

9

interpretation of KRS 533.020(4) require this result. Trial judges should remain mindful and vigilant to enter an order extending probation when necessary.

For the foregoing reasons, we affirm the decision of the Court of Appeals.

All sitting. Bisig, Keller, and Nickell, JJ., concur. Conley, J., dissents by separate opinion in which Lambert, C.J., and Thompson, J., join.

CONLEY, J., DISSENTING. Respectfully, I dissent. Despite the briefing and arguments of the parties, this case does not present a constitutional question nor does this Court need to adopt the Fugitive Tolling Doctrine. The issue rather is one of statutory interpretation, and the alleged conflict between two of this Court's decisions. Clarification of these precedents demonstrates the trial court did not need to enter an order extending its jurisdiction over Ellery. Therefore, I would reverse the Court of Appeals and affirm the trial court.

KRS 533.020(1) provides a trial court authority to revoke probation during the term of the probation. But "a trial court may not revoke a defendant's probation if the probationary period has expired." *Whitcomb v. Commonwealth*, 424 S.W.3d 417, 418 (Ky. 2014). Pursuant to statute, "the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation, probation with an alternative sentence, or conditional discharge has not been revoked." KRS 533.020(4). "The plain language of KRS 533.020(4) is clear . . . the presence of either an active warrant or the previous revocation of one's probation will foreclose the

10

probationer from being discharged and the period of probation will remain open." *Whitcomb*, 424 S.W.3d at 419 (citing *Commonwealth v. Wright,* 415 S.W.3d 606, 612 (Ky. 2013)).

In *Whitcomb*, the defendant was within the trial court's jurisdiction as she had a five-year probationary term that was tolled only two months after it began. *Id.* at 418.

> [A]lthough Appellant's probationary period was to end on February 11, 2005, the period was tolled once the trial court issued a warrant for her arrest on March 20, 2000. Moreover, the warrant was active and pending upon her arrest on February 10, 2011. Consequently, Appellant failed to meet the requirements of KRS 533.020(4), thereby precluding an automatic discharge of her probation. *Given that Appellant's probationary period was still open, the trial court retained jurisdiction to conduct a revocation hearing.*

*Id.* at 419-20 (emphasis added). *Whitcomb*'s holding could not be clearer: "In summation, we hold that the issuance of a warrant for a probation violation will toll the period of probation preventing the probationer from being automatically discharged pursuant to KRS 533.020(4)." *Id.* at 420. Tolling, as is well understood, "may be analogized to a clock that is stopped and then restarted. Whatever period of time that remained when the clock is stopped is available when the clock is restarted, that is when the tolling period has ended." *Tyler v. Taylor,* 128 S.W.3d 495, 497 n.5 (Ky. App. 2003) (quoting *Woods v. Young,* 53 Cal.3d 315, 279 Cal.Rptr. 613, 619, 807 P.2d 455 nt. 3 (1991)).

This brings us to *Commonwealth v. Tapp*, 497 S.W.3d 239 (Ky. 2016). The defendant had been sentenced to one year imprisonment to be probated for

11

one year on February 2, 2012. *Id.* at 240. On January 28, 2013, an arrest warrant was issued by the trial court for alleged probation violations. A hearing was scheduled for February 7, 2013, at which the defendant appeared. *Id.* A probation revocation hearing was then scheduled for February 12, 2013. *Id.* The *Tapp* decision held the warrant was pending, and probation tolled until February 7, 2013, when Tapp appeared in trial court and a revocation hearing was set. *Id.* at 242.

This chronology of the facts in *Tapp* demonstrates why *Whitcomb* did not apply and was not discussed by the majority opinion. Tapp's probation was tolled a mere five days before it was set to expire. When the arrest warrant was no longer pending by virtue of Tapp's appearance in court on February 7, her probation became untolled and the clock restarted. Thus, her probation ended on February 11, 2013—one day before the trial court's revocation hearing. The trial court did not have jurisdiction on February 12 to revoke her probation.

A look to our facts shows how radically different this case is from *Tapp*. An arrest warrant for Ellery was issued by the trial court for absconding a little less than nine months after his five-year probation began. Ellery still had four years and three months pending when the clock was tolled on his probation. When the arrest warrant was no longer pending—regardless of whether that occurred on October 29, 2021, or November 15, 2021—the clock become untolled and the four years and three months began running again. The revocation hearing occurred on November 22, 2021; mere weeks after the clock began to run and with well over two hundred weeks to spare.

12

This case demonstrates that *Tapp* is being misapplied to cases to which it has no bearing. The trial judge in *Tapp* needed to extend the trial court's jurisdiction by one day because without that extension Tapp's probationary period was expired and it lost jurisdiction. That is not at all true of Ellery. He had at least four years remaining on his probation. Why should a trial judge have to enter an order extending its jurisdiction over a probationer whose probationary period is not remotely close to expiration? *Whitcomb* considered a remarkably similar circumstance and reached the obvious conclusion: there is no need for an order extending jurisdiction because the probation is not expired therefore, there is no loss of jurisdiction by the trial court nor is there a danger of losing it.

The Court laments that it must reward Ellery for absconding from probation and successfully avoiding law enforcement for the duration of his original probationary term. It does not have to. The Court overlooks the perfectly valid solution provided by *Whitcomb*, despite its citation to the decision. Ellery's probation did not expire while he was a fugitive. The arrest warrant tolled the probationary period. *Whitcomb*, 424 S.W.3d at 420. It was only upon his return to the trial court in October or November of 2021 that it became untolled, and the remaining time on his probationary period resumed from the point it left off. Therefore, an order extending jurisdiction in this circumstance is superfluous. By misapplying *Tapp*, we are requiring trial courts to make a needless order and punishing them, the Commonwealth, and the victims of crime when they do not. The only people benefitting from this

13

unnecessary procedural step are the ones who do not in the least deserve it—fugitives from justice.

I see no reason why this Court should refuse to state the obvious. *Tapp* does not control Ellery's case. *Whitcomb* is far more factually congruent, and it is controlling. Correctly applying *Whitcomb* leads to the inescapable conclusion that the trial court's jurisdiction to revoke Ellery's probation remained for at least another four years after Ellery's probation became untolled. The trial court did not err. The Court of Appeals erred by misapplying *Tapp*. I would reverse the Court of Appeals and affirm the trial court.

Lambert, C.J.; and Thompson, J. join.


COUNSEL FOR APPELLANT:

Russell Coleman,
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General

COUNSEL FOR APPELLEE:

Joshua M. Reho
Assistant Public Advocate